## ROBERT A. LEMMON v. THOMAS BOX.

That the plaintiff, being the holder at the time, of the claim sued on, requested defendant to get from A his, A's, note for a certain amount, and he, plaintiff, would pay it; and that defendant got said note, with a written request from A to the plaintiff to accept the note as cash; and that plaintiff, on presentation of said written request, accepted it verbally, is a good plea of set-off, the note and order being filed as part of the plea.

Whenever the main purpose and object of the promissor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute of frauds, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing the liability of another.

Error from Ellis.   Tried below before the Hon. Nat. M. Burford.

The note sued on was dated Sept. 3d, 1855, and was payable by defendant to plaintiff.   The note and order, pleaded in set-off, were filed as part of the answer, and there was no acceptance in writing.   The allegations are fully stated in the Opinion.

*Tarrant & Berry,* for plaintiff in error.   I. It is not necessary for an acceptance to be in writing. (Bacon v. Haught, 2 Tex. R. 416; 3 Kent, 83–85; Story on Bills, 242–244.)

II. The plea alleged an independent contract, founded upon a sufficient consideration, to wit: the request of the plaintiff that defendant should get the note. (See Black v. Brigg, 6 Ala. R. 687; Brown v. Brown, Id. 694.)

*J. W. Ferris,* for defendant in error.   It will be perceived that

the promise of Box was "a collateral undertaking." The debt owing by Carpenter to Lemmon was "a subsisting debt." The "former liability" of Carpenter still continues. "The whole credit" was not given to Box; if so, why did not Lemmon take an order alone? Why take Carpenter's note, retaining his liability, if the whole credit was given to Box?

The consideration did not move to Box, for, the note shows that it moved from Lemmon to Carpenter. (Bason v. Hughart, 2 Tex. R. 479; 3 Kent, 123; Burge on Surety, 20, 21; Rogers v. Kneeland, 13 Wend, 114; 1 Smith Lea. Cas. Am. Notes, 325; Id. 330, and cases cited; Canal v. Nixon, 4 Watts & S. 517; Tompkins v. Smith, 3 Stew. & P. 54; Puckett v. Bates, 4 Ala. R. 390.)

It may be urged that the consideration was that Lemmon should obtain the note from Carpenter; but I submit to the Court that. this is insufficient; that it is not "new and distinct matter," but "a mere continuation of the obligation imposed by the antecedent contract." The note is simply evidence of the prior indebtedness; or, in other words, "the subsisting debt" was matured into a note. Kent says there must be "some original consideration of benefit or harm moving between the parties." And, I ask, what benefit could accrue to Box from Lemmon obtaining the note from Carpenter? or what harm to Lemmon for him to mature his own claim into a note?

There is no allegation that the debt was created upon the promise of Box, or that credit was given solely on the promise of Box; but it is only alleged, in substance, that Box promised to pay the debt upon the production of such evidence of it as a prudent business man would always obtain for his own use.

It will be observed that there is no connection whatever between this transaction and the note sued on by plaintiff.

HEMPHILL, CH. J.  The only point in this case is whether the offset of ninety-five dollars, as pleaded by R. A. Lemmon, the defendant, is in law a valid claim against the plaintiff.

It appears that Claiborne Carpenter and Eliza Carpenter his wife executed, on the 23d of October, 1855, their note to the defendant Lemmon for ninety-five dollars, and appended to their note an order on Thomas Box, the plaintiff, in the following terms, viz:—

MR. THOMAS BOX: You will please accept the note of Mr. Lemmon-as cash, and oblige us, this 23d of October, 1855.

his
CLAIBORNE + CARPENTER.
mark.

her
ELIZA + CARPENTER.
mark.

The defendant alleges that he was induced to obtain the note and order at the special instance and request of plaintiff, requesting him to obtain the same of the Carpenters, who reside in Titus county, and that he, the plaintiff, would pay the same to the defendant on his return to Ellis county; that upon his return he presented the order to the plaintiff, who acknowledged and accepted it, but has not yet paid the same, nor any part thereof.

The plaintiff excepted, that the answer set up a promise by plaintiff to pay the debt of a third person, and there is no averment that the promise was in writing, and that there was no consideration shown for the promise. The exception was sustained, and that portion of the answer ruled out.

The order of the Carpenters on the plaintiff is, in substance, to pay the defendant the sum of ninety-five dollars, (the amount due from them to the defendant on a note,) and the plaintiff shall be allowed such payment as cash. This does not vary materially from the ordinary form or substance of an order or inland bill of exchange. The consideration on which an order is drawn, is generally expressed to be for value received. Here it is for indebtedness on a note, and whether the consideration be expressed in general terms, or some specific value, cannot affect the substance or quality of the order.

At Common Law an acceptance of an order or bill of exchange may be either by parol or in writing, (3 Kent, 83; Story on Bills, 242–244,) and the acceptance by the plaintiff in one mode or the other would, it seems, fix on him such liability in law as would give the defendant a cause of action. But it is said that the acceptance of the plaintiff is a promise to pay the debt of a third person, and unless in writing, is invalid under the statute of frauds.

This is a very extensive field, and I do not propose to consider the many refined distinctions that have been drawn with regard to the clause of the statute, that one shall not become, by his

promise, liable for the debt of another, unless such promise or agreement be in writing. These distinctions and subtleties have become so perplexing as to have occasioned doubts whether the innovation by the statute in this particular, on the rules of the Common Law, has on the whole been beneficial. (Smith's Leading Cases, vol. 1st, p. 322.)

The principle contended for, viz: that a parol acceptance of an order does not bind as long as there exists a liability on the part of the drawer to the payee, or until that liability is wholly discharged, would go far to destroy the value of parol acceptances. In the nature of such transaction there is, and was originally, a liability from the drawer to the payee of the order, and when the drawee does not accept, or does not pay, the payee is in substance thrown back upon his original demand against the drawer, though the action may be brought on the bill, and not on the original evidence of indebtedness.

After acceptance the drawer might, until payment by the acceptor was refused, insist that he should not be disturbed by the payee.

So in this case, the Carpenters might have relied upon the acceptance of the plaintiff as a defence against their note, as long as the plaintiff showed an observance in good faith of such acceptance. But without pursuing this train of reasoning, I will refer to a general rule on this subject, which will sufficiently show the liability of the plaintiff on his acceptance, and this is, that wherever the main purpose and object of the promissor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing the liability of another. (2 Parsons on Contracts, 305; 3 Metc. 396.)

Here the leading object of the plaintiff (as charged in the plea,) was not to guarantee or to secure the debt of the Carpenters to the defendant, but it was to subserve some purpose of his own. The transactions or dealings between the plaintiff and the Carpenters are not stated, but the manifest inference is, that he was in debt to the Carpenters, and apparently he thought that he could pay this debt much more conveniently by giving the defendant credit to that amount on the note he held against him, than by advancing the money, and paying his debt to the Carpenters in cash. Hence his requesting and inducing the defend-

ant to procure the note, and his promise to pay the same. For aught that appears, there may have been no original indebtedness on the part of the Carpenters to the defendant. He may have purchased their claim against the plaintiff, and instead of an order in the usual form, took the note as well as the order. But, however that may be, the main object of the plaintiff, in accepting the order, was not to discharge the debt which the Carpenters owed to the defendant, but to pay his own to the Carpenters, in a mode which it may be presumed was the most convenient to him; and his leading object being to subserve his own interest, the acceptance must be regarded as an original, not a collateral undertaking, and therefore not within the purview of the statute; and his acceptance, though by parol, must be held as binding, and the claim a valid defence in set-off set to the action. Judgment reversed and cause remanded.

Reversed and remanded.