## W. H. McCreary v. Van Hook's Executors.

1. Though a verbal promise be in form to pay the debt of another, yet if the promissor's intent be not merely to pay such debt, but also to subserve a purpose of his own, his undertaking is not affected by the Statute of Frauds. The case of Lemmon v. Box, 20 Texas, 329, to the same effect, cited with commendation.

2. The holder of notes payable to B., and executed by one Moss as principal, and S. as surety, brought suit on them against the executors of V., alleging that V. was a dormant partner of Moss, in a mercantile firm styled Moss & Co.; that S. was the nominal partner of Moss in the firm, but in fact was only the agent and representative of V.; that the notes were given for goods sold by B. to Moss individually, but by agreement between Moss and S., as the agent of V., the goods were transferred to the firm, and the firm, with B.'s assent, assumed the payment of the notes. *Held*, that these allegations set forth a good cause of action against V.; that the transaction was in the nature of a novation, and the Statute of Frauds interposes no obstacle to the plaintiff's recovery.

ERROR from Navarro. Tried below before the Hon. F. P. Wood.

The material facts are stated in the opinion of the court.

*R. Q. Mills,* for the plaintiff in error.—The contract is not within the statute of frauds, and needs no writing. The contract is upon a new consideration, *i. e.*, six thousand dollars worth of goods sold by Moss, the debtor, to the promissor. The contract binds him to answer his own debt, and not the debt of another. Besides, he has received the property sold by the creditor to the debtor, out of which he looked for his payment.

As remarked by Chief Justice Hemphill, in Lemmon v. Box, 20 Texas, 329, "there has grown up much confusion in the multitude of cases brought before the courts on this branch of the statute of frauds." But the opinion of Chief Justice Kent, in Leonard v. Fredenberg, 8 Johns. R., 28, and the learned and elaborate opinion of Chief Justice Comstock, in Mallory v. Gillett, 21 N. Y., 412, establish the doctrine held, with but few exceptions, in the American courts. The case before the court comes under the third class of each of them. It is, "third, where, although the debt remains, the promise is founded on a new consideration which moves to the promissor; this consideration may come from the debtor, as where he puts a fund in the hands of the promissor, either by absolute transfer," etc. Or, as expressed in Judge Kent's third class, "When the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties, it is not within the statute." And such is the language of our own Supreme Court in Lemmon v. Box, 20 Texas, 329; and of the Supreme Court of the United States, Slater v.

Emmerson, 19 How., 28.    And in New York:—3 Kent's
Com., 123; 11 Johns., 221; 10 Johns., 412; 7 Wendell,
315; 5 Wendell, 257; Farley v. Cleveland, 4 Cow., 432;
9 Cow., 639; Brown v. Curtis, 2 Comstock, 225; John-
son v. Gilbert, 4 Hill, 178.    And in Massachusetts:—
Nelson v. Boynton, 44 Mass., 396; Alyer v. Scoville,
67 Mass., 391; Jepherson v. Hunt, 84 Mass, 407; Far-
bish v. Goodnow, 98 Mass, 296; Colt v. Root, 17 Mass.,
229.    And in Vermont:—Sampson v. Hobert, 28 Ver-
mont, 697; Cross v. Richardson, 30 Vermont, 641;
Templeton v. Bascom, 33 Vermont, 132; Wait v. Wait,
28 Vermont, 350.    And in New Hampshire:—Robinson
v. Gilmore, 43 N. H., 485; Allen v. Thompson, 10
N. H., 32; Neally v. Greenough, 5 Foster, N. H., 331;
Warren v. Batchelder, 16 N. H., 580.    And in Penn-
sylvania:—Arnold v. Steadman, 45 Penn., 186.    And
in New Jersey:—Kutzmeyer v. Ennis, 3 Dutcher, 371.
And in Maryland:—Small v. Schaeffer, 24 Maryland,
143.    And in Alabama:—Mason v. Hall, 30 Ala., 599.
And in Kentucky:—Creel v. Bell & Co., 2 J. J. Marsh.,
311.    And in Maine:—Griffin v. Derby, 5 Maine, 476;
Brown v. Atwood, 7 Maine, 356; Russell v. Babcock,
14 Maine, 138; Maxwell v. Haynes, 41 Maine, 559;
Perkins v. Hitchcock, 49 Maine, 468.    See also Roberts
on Fraud, page 232; 3 Parsons on Contracts, 5 Ed., 24;
Story on Contracts, Section 861, note 3, and Section
1015; Brown on Statute of Frauds, Section 212; Am-
erican Notes to Smith's Leading Cases, 483.

It will be seen by the above authorities that the de-
cisions which have expressed any dissent to the doc-
trine thus laid down here, all hold that where the debtor
sells property to the promissor as a consideration for
the new promise, that at all events is good.

The cases coming under the second class, "where the
original debt becomes extinguished, and the creditor

has only the new promise to rely upon," will be found, on examination, to be cases where there is no new consideration moving between the contracting parties ; no consideration coming to the promissor, but the consideration, if any—forbearance or some other—going from the creditor to the debtor.  In these cases, the original debt must be extinguished, and be so pleaded. (Bason v. Hughhart, 2 Texas, 476 ; Ellison v. Wisehort, 29 Ind., 32 ; Jolley v. Walker, 26 Ala., 690 ; 2 Henning & Munf., 603 ; 9 Iredell, 10 ; 59 Mass., 488 ; Id., 83 ; 11 Mich., 219 ; 7 Porter, 62 ; 20 Wendell, 201.)

The contract set up in the petition is charged to have been made subsequent to the original written contract, and parol evidence is admissible to prove it.  It is only previous and contemporaneous agreements that are excluded by the rule.  (1 Greenleaf, §§ 303, 304 ; 12 Texas, 50.)  Also, to prove that the party was trustee or agent, though he represent himself in the written contract as principal and acting for himself.  (1 Phil. Ev., 561, note e ; 3 Phil., notes 976, 985 ; 8 Texas, 196 ; 10 Texas, 163 ; 12 Texas, 52 and 53.)

If, therefore, Moss purchased the goods in his own name, and gave his own individual note for them, yet parol evidence is admissible to prove that the goods were purchased by him for the firm, or that they were placed in the firm and sold for joint account, and compel payment from the firm.

The general rule is, that the firm name must be used to bind it ; but there are exceptions.  If one partner use his own name in a contract, instead of the firm name, yet, if the contract show on its face that he was acting within the scope of the partnership business, or if the partner represented to the seller that the goods were for the firm, the firm is still bound ; otherwise, the creditor can prove the goods went to the partnership

account. (3 Kent Com., 44 and 31, note *a;* Story on Part., 139; 15 Johns. R., 422; 15 Texas, 31; Gow on Part., 30; 11 Johns. R., 544; 4 Texas, 257; 2 Peters, 186; Story on Part., 368, 369, 370.

From the foregoing authorities it follows that Van Hook, through his agent, having contracted with Moss for a new consideration, *i. e.*, the crediting him on the books of the firm with the amount of the three notes, as that amount of capital put into the firm by him, it is not within the statute, and is, therefore, binding on him; and, second, that the goods having been purchased by one of the firm, H. C. Moss, and his individual note signed by Van Hook's agent, as security, who was acting for Van Hook, while Van Hook received and enjoyed the proceeds of the goods sold by Byrd to Moss, he, Van Hook, is equally bound with Moss for the purchase of them. Thomas S. Sweatman, in all things pertaining to the buying and selling of the goods, with Moss, was virtually Solomon Van Hook, and his name on the note, as surety for Moss, is Van Hook's name; and Moss being bankrupt, Van Hook is principal debtor. All these facts appear in the petition, and in testing the demurrer they are admitted for the present purpose to be true.

*J. L. Halbert*, for the defendants in error.—The court committed no error in sustaining the exceptions of the defendants.

1. Because Solomon Van Hook's executors cannot be held liable on a promissory note unless Van Hook's name, or that of the firm of which he is averred to be a member, is signed thereto. (1 Parsons on Contracts, page 48, 49, note *a;* page 53, note *w;* Sydnor & Bone v. Hurd, 8 Texas R., 103; Story's Agency, § 288; Smith's Mercantile Law, page 146.)

2. Because the petition does not disclose any consid-
eration moving from E. E. Byrd, the payee of the notes,
to support the new contract. (1 Parsons on Contracts,
pages 354, 355 and 356; Bason v. Hughhart, 2 Texas
R., 476; Story on Partnership, §§ 134, 136, 137.)

3. Because the act of the so-called agent, Sweatman,
cannot be held to bind his principal, unless he is aver-
red in the petition to have been acting in the scope of
his authority when he signed the note as "security."
(Story's Agency, §§ 126, 162, 65, 66, 83; 2 Kent's
Com., page 822, marginal page 619–20.) And not then,
unless it can be gathered from the scope of the contract
that he intended to bind his principal. (Story on
Agency, §§ 154, 156, 157, 160a, 161, 170.)

4. The relations and obligations of the several parties
to these notes respectively, viz., E. E. Byrd as payee,
H. C. Moss as maker or principal, and T. S. Sweatman
as security, are clear and unambiguous. They need no
explanation. And Byrd having accepted Sweatman's
signature to the note, clearly, distinctly and indubita-
bly as such "security"—"merely this, and nothing
more"—will not be heard by the courts now, nor will the
vendee be heard to aver that he agreed to pay the note
for Moss, or that he stood in any other relation to the
note than that of security, unless he avers in his petition
some alteration of the agreement, in writing; because
parol evidence is not admissible to vary or control a
written contract. (2 Parsons' Contracts, 60, 61, 63,
note s; 1 Greenleaf's Evidence, page 398; Epperson v.
Young, 8 Texas, 135; Rockmore v. Davenport, 14
Texas, 603; 2d Vol. Phillips' Evidence, 356, 357; 4th
Vol. Phillips' Evidence, page 593, note 295.)

5. Then, if the foregoing proposition, marked "4,"
be correct (and I cannot doubt that it is), the plaintiff's
petition is manifestly insufficient, unless it is therein

averred that T. S. Sweatman was, by Solomon Van Hook, authorized to bind him (Van Hook) as the security for H. C. Moss, by signing his (Sweatman's) own name as security to the notes. And it is respectfully submitted that the averment of a general authority from Van Hook to Sweatman, to represent him in the firm of H. C. Moss & Co., is not sufficient to authorize him to bind Van Hook as "security" for one of the partners, or for any one else. (Story on Agency, §§ 165, 166, 169; Ross v. Breeding, 13 Texas, 17; Jennings v. Moss, 4 Texas, 452; Frazer v. Todd, 4 Texas, 461.)

6. The notes sued on are made a part of the petition, and must be taken, with the other averments, to be true. Now, had it been the intention of the parties to bind Solomon Van Hook to their payment, it is apparent that Sweatman would have signed them with the name of "H. C. Moss & Co.," of which firm Van Hook is charged with being a member; or "S. Van Hook by T. S. Sweatman;" or in signing his own name as the representative of Van Hook, would have omitted the prefix "security," and thus have left it to be inferred that there was some intention to bind his principal, and that he was acting in the scope of his authority, as Van Hook's representative in the firm of H. C. Moss & Co.; for the court will look to the intention of the parties as shown by their written contract. (See authorities cited above by Story's Agency, §§ 154, 156, 157, 160, 161, 170.)

7. Does the case come within the statute of frauds? (Paschal's Digest, Art. 3875.) The averments that Moss bought the goods, gave his notes therefor afterwards, by an arrangement between the partners, Sweatman acting for Van Hook and as his agent, in consideration of a transfer of the goods to his credit, undertook to pay for the goods, would, if alone and unattended

by any other averments, take the case out of the statute of frauds.  But there is a subsequent statement that this preliminary agreement was consummated in a way entirely different from that agreed on by Sweatman merely signing his name individually as security of Moss; and that having been accepted by Byrd as the consummation of the preliminary agreement, all of which consummation was in writing, leaves no room for the statute of frauds to be invoked so long as it is contended that Van Hook is bound by the signature of Sweatman to the notes; and leaves only the question, does the petition sufficiently show that Sweatman had any authority from Van Hook to bind him as security for Moss, by signing his own name as security for Moss?

I, however, invoked the statutes of frauds in a different sense, and one which seems not to have been comprehended by the appellant.  It is this:  The debt sought to be collected here, by the terms of the contract signed by Moss and by Sweatman, and accepted by Byrd, is clearly and indisputably the debt of Moss primarily, and secondarily of Sweatman, and of no one else.  It is so by the clear import of the writings.  Now, it is sought to hold Van Hook responsible for this debt; and by all the authorities cited by the appellant, the case comes within the statute, there being no averment of any note or memorandum in writing signed by Van Hook, who is sought to be charged, and the exception on that point was rightfully sustained by the district court.  (Bason v. Hughhart, 2 Texas, 476; Kingsley v. Bascom, 4 Barber, 131.)

WALKER, J.—This is an action brought against the executors of Solomon Van Hook's will, to enforce the payment of two promissory notes.  The notes were

made payable to E. E. Byrd, and are signed by H. C. Moss and Thomas S. Sweatman, the latter as security.

Solomon Van Hook, deceased, it is charged in the petition, was a dormant partner in the firm of H. C. Moss & Co.

The appellees demurred and excepted to the plaintiff's petition and amended petition. The exceptions were sustained by the court; the plaintiff refused to amend, and the cause was dismissed.

The plaintiff set out his cause of action in three counts. In the first, he charges that Moss gave the notes to Byrd in consideration of goods purchased on his individual credit; that Sweatman was the authorized agent of Van Hook; and that by contract between Sweatman and Moss, the goods purchased from Byrd were transferred to the firm of H. C. Moss & Co., Van Hook being at the same time a member of said firm; and that Byrd assenting to the arrangement, the firm of H. C. Moss & Co. assumed to pay the notes.

This count certainly sets forth a good cause of action. There was no want of a good and sufficient consideration for the promise of the firm to pay the debt, nor was it a promise to pay the debt of another, which the law required to be in writing. If Van Hook was a member of the firm, the firm, in consideration of the goods, promised to become paymaster to Byrd; and the transaction was simply in the nature of a novation, H. C. Moss, in consideration of his release from the original debt, giving the firm of H. C. Moss & Co. as a new obligor, with Byrd's assent.

In the second count, the plaintiff charges the purchase of the goods and the transfer to H. C. Moss & Co. substantially as in the first count, and further avers that Van Hook, acting through his agent, Sweatman, agreed to pay for the goods, and have the amount credited to

him on the capital stock of the company, and that Byrd also assented to this agreement. In the third count, it is charged that the original purchase of the goods, though made by Moss, individually, was for the benefit and the use of the firm of H. C. Moss & Co., and that the goods were afterwards sold by H. C. Moss & Co. for the benefit of all the members of the firm.

The objection urged to the liability of Van Hook's estate sets up the statute of frauds; also, that the contract, as set forth in the first and second counts, is collateral, and that there is no averment of the extinguishment of the original debt by the novation; and also, that a parol contract is set up in opposition to a written one.

To the first ground of objection the case of Lemmon v. Box, 20 Texas, 329 applies. This case is considered and decided in an opinion of great clearness and ability, delivered by Chief Justice Hemphill. The court there hold, that where the promissor intends not merely to pay the debt of another, but his object is to subserve some purpose of his own, his promise does not lie within the statute of frauds, although it may be in form a promise to pay, and its performance may incidentally discharge the liability of another. This language is clear and precise; and although the plaintiff in error, in his very able brief, has cited numerous authorities from the United States and State reports, in support of the same doctrine, the rule is not more concisely or plainly stated in any of them.

It is difficult for us to determine under what precise state of facts the plaintiff would seek to make out his action, but we are of opinion that should he prove the allegations of either count in his petition, in the absence of contradictory evidence he will be entitled to a recovery.

The authorities cited in the brief of the appellant need not be cited in this opinion. We need only remark that they fully sustain the view we take of the case.

The court erred in sustaining the exceptions. The judgment will therefore be reversed and the cause remanded.

REVERSED AND REMANDED.