## R. WALTERS & Co. v. G. H. & S. A. R. Co.

(No. 560, Op. Book No. 2, p. 263.)

APPEAL from Gonzales County. Opinion by CLARK, J.

§ 753. *Acceptance of draft, etc., may be verbal, and is not within the statute of frauds.* An acceptance of a draft or bill of exchange, in the absence of statutory prohibition, may be verbal as well as written, and the former mode of acceptance does not come within the statute of frauds. [Lemmon v. Box, 20 Tex. 329; 1 Daniel's Neg. Inst. 376; 2 U. S. Dig. 1st Series, pp. 687–8, § 175.]

§ 754. *Effect of acceptance; acceptor becomes the principal debtor.* The effect of an acceptance, whether oral or in writing, is to constitute the acceptor the principal debtor, and to make him a party to the bill, his obliga-

tion being co-existent with the bill itself. [1 Daniel's Neg. Inst. 395.]

§ **755.** *Limitation; rule of, applicable to an acceptance.* In a suit upon a bill against a verbal acceptor, it would seem to follow from the foregoing stated principles, taken in connection with our law of limitations, that the mere fact that the acceptance was verbal will not entitle a party to avail himself of the shorter period of limitation, but having become a party to the contract by his own act, in a manner sanctioned by law, his rights under the law of limitation must be estimated strictly by the law as applicable to the written contract. If an action upon that is barred, the acceptor is relieved from judgment against him; otherwise not.

§ **756.** *Debt grounded upon contract in writing; limitation as to; statute construed.* The statute in force at the time this suit was instituted provided that "all actions of debt, grounded upon any contract in writing, shall be commenced and sued within four years next after the cause of action or suit, and not after." [Pas. Dig. 4604.] This statute has been several times before our supreme court for construction, notably in Sublett v. McKinney, 19 Tex. 438, and it was there held, on a suit against the drawer by an accommodation acceptor, that the technicalities and niceties of the common law did not apply under our system, and that the action was grounded upon the writing, which was an essential part of the case, and not upon the implied promise of indemnity. In the action at law its basis was manifestly the draft drawn upon appellee and its verbal acceptance and promise to pay, and not upon an account proper or parol undertaking within the meaning of the law. The action of debt was grounded upon a contract in writing, without the existence and validity of which plaintiff would have no case. This contract in writing constituted a material and essential part of the case, and the mere fact that the acceptance must have been established by parol does not relieve the case of this essential foundation so as

to change the rule of limitation. [NOTE.—See R. S. 3205, which is slightly different in verbiage from the former statute, but is believed by us to be in substance the same.]

§ 757. *Acceptance; how made and evidenced.* The writing of one's name across the face of a bill is one mode of evidencing an acceptance, but the actual acceptance can exist without it, and may be so made in other modes as to constitute the acceptor a party to the contract, and subject to its terms to the full extent.

March 17, 1880.              Reversed and remanded.