## M. M. BLAKENEY v. NALLE & COMPANY.

### Decided March 27, 1907.

**1.—Statute of Frauds—Debt of Another—Consideration.**

The statute of frauds does not make void a promise not in writing to pay the debt of another when made upon a valuable consideration to the promisor.

**2.—Mechanic's Lien—Fixing Under Statute—Constitution.**

Where no rights of an innocent purchaser intervene, the lien in favor of a contractor making improvements or repairs upon a building is given by the Constitution and need not be fixed by compliance with the statutory requirements as to filing contract or sworn account.

**3.—Same—Lost Contract.**

Where a written contract under which improvements have been made is lost, it would seem that an affidavit setting forth the terms of the contract and its loss, filed in lieu of the contract itself might be taken as a compliance with the statute fixing the lien by filing the contract.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*S. R. Fisher,* for appellant.—No personal judgment could be rendered against Blakeney because his promise to pay Hardie's debt was not in writing nor upon an independent consideration. Rev. Stats., art. 2543; Henry v. Kizer Lumber Co., 33 S. W. Rep., 278; Starr v. Taylor, 56 S. W. Rep., 543; Jones Lumber Co. v. Villegas, 28 S. W. Rep., 558.

The affidavit filed was insufficient to fix the lien under the statute, the claimant having himself lost the contract. Ferguson v. Ashbell, 53 Texas, 249; Pool v. Sanford, 52 Texas, 634.

*Allen & Hart,* for appellee.—A parol promise to pay the debt of another, if based upon a valid consideration, is binding upon the promisor. Wallace v. Freeman, 25 Texas Supp., 91; Lemmon v. Box, 20 Texas, 332; Hicks v. Bailey, 16 Texas, 231; Muller v. Riviere, 59 Texas, 640; Monroe v. Buchanan, 27 Texas, 247; McCown v. Schrimpf, 21 Texas, 27; Spann v. Cochran, 63 Texas, 240; Morris v. Gaines, 82 Texas, 257.

The facts alleged and proven showed a lien upon the $960 in favor of appellees, and the court did not err in foreclosing same. Const., art. 16, sec. 37; Strang v. Pray, 89 Texas, 525; Rev. Stats., art. 3294; Warner Elevator Co. v. Maverick, 88 Texas, 494.

KEY, ASSOCIATE JUSTICE.—Nalle & Company, a copartnership, brought this suit against M. M. Blakeney and the Austin National Bank. The plaintiffs dismissed as to the bank, and upon trial recovered a judg-

ment against Blakeney for $1,351.16 1-3, and a foreclosure of a mechanic's lien to the extent of $960 upon the proceeds of certain property described in the plaintiff's petition. The defendant has appealed and presents the case in this court upon several assignments of error. The trial judge filed the following findings of fact:

"1. That on or about the 4th day of April, 1905, one A. F. Hardie made, executed and delivered to the plaintiffs his certain promissory note for $1,100, payable April 15, 1905, to the order of the plaintiffs at Austin, Travis County, Texas, with interest at the rate of ten percent per annum from maturity, and providing for ten percent attorney's fees, if placed in the hands of an attorney for collection.

"2. That the consideration for said note was the making of certain improvements, repairs and the placing of certain fixtures in the storehouse situated on lot number 6 in block number 70, in the city of Austin, Travis County, Texas, by one Max Schneider.

"3. That on or about March 4, 1905, the said A. F. Hardie entered into a contract with the said Max Schneider for the making of the said improvements on the premises aforesaid. That said contract provided for the payment to said Schneider of the sum of $3,400 for said work and material to be furnished, when the work was completed and accepted by the said Hardie. Said contract was in writing and signed by the said Schneider, and by A. F. Hardie, acting by and through his agent, E. F. Gardiner.

"4. That said contract has been lost or misplaced and can not be produced.

"5. That said work was performed by said Schneider and was accepted on the 4th day of April, 1905, and the said Schneider was paid the sum of $1,200 in cash, and two notes were executed for the remainder, payable, at the suggestion of said Schneider, to Nalle & Company, who had furnished the material to said Schneider, each of said notes being for the sum of $1,100, one due April 8, 1905, and the other due April 15, 1905. That the note due April 8, 1905, has been paid and that the note due April 15, 1905, has not been paid in whole or in part and is the one herein sued upon.

"6. That on the 29th day of April, 1905, the said Max Schneider made the following affidavit:

" 'The State of Texas,⎫
County of Travis.⎬

" 'Max Schneider, affiant, makes oath and says, that on or about March 4, 1905, he entered into a contract with A. F. Hardie to do certain work in connection with repair and improvements of the premises situated on lot number 6 in block number 70 in the city of Austin, Travis County, Texas. That said contract was in writing and provided for the payment to said Schneider of the sum of thirty-four hundred ($3,400) dollars for said work and material to be furnished when the same was completed and accepted by the said A. F. Hardie. That said contract was in writing and signed by the said Max Schneider and A. F. Hardie, acting by and through his agent, E. F. Gardiner, and provided for work to be done according to plans and specifications prepared by John Andrewartha, architect. That said contract in writing has been

lost or misplaced, and can not be produced by this affiant, and although diligent search has been made for the same it can not be found. That after said work was performed and material furnished, and when same was accepted on the 4th day of April, 1905, there was paid to the affiant the sum of twelve hundred ($1,200) dollars and two (2) notes executed for the remainder payable, at the suggestion of affiant, to Nalle & Company, one for eleven hundred ($1,100) dollars, due April 8, 1905, which has been paid, and one for eleven hundred ($1,100) dollars, with interest at the rate of ten percent per annum from maturity, and providing for ten percent attorney's fees, if placed in the hands of an attorney for collection, payable April 15, 1905, which note remains wholly unpaid. That said labor was performed and material furnished for said A. F. Hardie under and by virtue of the above stated contract between affiant and said Hardie. Affiant further makes oath and says that he is informed that Mrs. M. G. Sampson, Mrs. Frances Smoot and Mrs. Georgie Nalle were at the time said contract was made and entered into and said labor was performed and material furnished the owners of the house situated upon the above mentioned lot, and that said A. F. Hardie was holding and in possession of same under and by virtue of a lease contract, permitting and authorizing him to make the repairs of the kind and character in said contract mentioned. This affiant claims a lien upon said house and improvements and upon said land.

Max Schneider.

" 'Sworn to and subscribed before me, on this the 29th day of April, A. D. 1905.

G. W. Allen, Notary Public,
Travis County, Texas.'

" 'The State of Texas,}
County of Travis.{

" 'For a valuable consideration by me received, I, Max Schneider, the holder of the above set out mechanic's lien, do hereby assign, transfer and set over to Nalle & Co. the said mechanic's lien.

" 'Witness my hand, this the 29th day of April, 1905.

Max Schneider.'

" 'The State of Texas,}
County of Travis.{

" 'Before me, the undersigned authority, on this day personally appeared Max Schneider, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

" 'Given under my hand and seal of office, this the 29th day of April, A. D. 1905.

G. W. Allen, Notary Public,
Travis County, Texas.'

"That said affidavit was filed with the county clerk of Travis County on April 29, 1905, and recorded by said clerk on May 8, 1905, in the records of Travis County, Texas.

"7. That the said Schneider on the 29th day of April, 1905, for a valuable consideration, transferred his mechanic's lien to plaintiffs.

"8. That on or about the 21st day of April, 1905, the defendant, M. M. Blakeney, by parol, assumed the payment of the note herein sued upon and agreed and bound himself to pay the same.

"9. That by agreement of all parties, a portion of the fixtures covered by the lien of plaintiff was sold, with the understanding that the proceeds ($960) should be deposited with defendant, the Austin National Bank to abide the result of any litigation concerning the lien herein involved, the said $960 to take the place and stand in lieu of the said fixtures, and that if the plaintiffs established their lien as against said fixtures and articles so sold, the lien should pass to and cover the said sum of money so deposited."

*Opinion.* The first, second, third, fourth and fifth assignments of error invoke, in different forms, the statute of frauds, the contention being that the plaintiffs sought to recover upon an unwritten promise to pay the debt of another person. This contention is without merit, because the plaintiffs alleged and proved that the defendant's promise to pay Hardie's debt rested upon a valuable consideration, and its main purpose was to subserve the interest of the defendant. Such a promise, though not in writing, is not within the statute of frauds. (Wallace v. Freeman, 25 Texas Supp., 91; Monroe v. Buchanan, 27 Texas, 247; Spann v. Cochran, 63 Texas, 240; Morris v. Gaines, 82 Texas, 257.)

The remaining assignments attack plaintiff's lien, the main contention being that the statute regulating such liens was not complied with, and therefore no lien existed. The lien was created and rendered available by the Constitution, and it was not necessary to comply with statutory regulations in order to enforce it. There was no question of innocent purchaser, and the case falls within Strang v. Pray, 89 Texas, 525, and other cases holding that the Constitution creates such liens, and that they may be enforced regardless of the statute. However, we do not hold that the statute was not complied with. It is true that Schneider did not file his contract nor an itemized account with the clerk of the County Court, but he did file an affidavit showing that the contract was lost. (Warner Elevator Co. v. Maverick, 88 Texas, 491.)

Some of the findings of the trial judge are assailed, but we find testimony in the record which supports them.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.