R. B. SPENCER & CO. et al. v. NALLE & CO.

(Court of Civil Appeals of Texas. Austin. Jan. 31, 1912.)

FRAUDS, STATUTE OF (§ 33*)—PROMISE TO PAY ANOTHER'S DEBT—CONSIDERATION.

Plaintiff who had furnished materials for a building to the contractor, was given an order by the architect, approved by the contractor, on the owner, who refused to pay on the ground that defendant, another materialman, had notified him not to pay anything further to the contractor except for labor bills. Plaintiff's representative then called on defendant and told its managing member that unless plaintiff's claim was paid it would bring suit, but if defendant would see that the claim was paid it would do nothing. Defendant's managing member told him that it would see that plaintiff's claim was paid, and, relying on this promise, plaintiff did nothing further. *Held*, that the promise, although oral, was based on sufficient consideration, and hence not void under the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–53, 56; Dec. Dig. § 33.*]

Appeal from Travis County Court; R. E. White, Judge.

Action by Nalle & Co. against R. B. Spencer & Co. and others. From the judgment, R. B. Spencer & Co. appeals. Affirmed.

W. H. Tarkington, W. H. Nunn, and Jno. D. Hudson, for appellants. Allen & Allen and Albert S. Phelps, for appellee.

RICE, J. It seems that the only question involved in this appeal is the correctness of the judgment of the trial court in holding appellants liable for the payment to Nalle & Co. of the sum of $445, for a bill of millwork,

sold by them to one Wininger, to be used in the construction of a residence for Howard Bland, their alleged liability arising out of the following facts: On the 23d day of May, 1910, Hope & Wininger, building contractors, entered into a contract with the said Bland whereby they obligated themselves to furnish the material and erect for him a two-story residence on his ranch near Taylor, in accordance with the plans and specifications furnished by Henry Struve, architect. The plans and specifications contained, among other provisions, the following: "The owner will pay all vouchers issued by the architect to the contractors in accordance with the contract, but in no case shall any payment be construed as an acceptance of any part of the work not in accordance with the plans and specifications." Said contractors entered into a bond in the sum of $1,100, payable to said Bland, with R. B. Spencer and one Falkenburg as sureties, conditioned upon the faithful performance of said contract. Soon after the execution of said building contract, said firm of Hope & Wininger dissolved, Hope withdrawing therefrom, Wininger assuming all liability of the old firm, and proceeding with the construction of said building under the contract. During the process of construction, said contractor purchased lumber and material from Spencer & Co. of Taylor, amounting to the sum of $1,764.56, which amount had been reduced by payments to $747.96 at the time of the transaction hereinafter mentioned, and also purchased certain millwork from Nalle & Co. of Austin, amounting to the sum of $445. A member of the firm of Nalle & Co. thereafter, on the 31st of August, 1910, went to Taylor and presented to Wininger their account for same, demanding payment thereof, at which time Struve, the architect, at the instance of Wininger, gave Nalle & Co. an order on Bland for said amount, which order was approved and O. K.'d by Wininger, and was thereafter on the same day presented to Bland by Nalle for payment, which was refused, notwithstanding he was owing Wininger more than this amount at the time; the ground of his refusal being that Wininger was then owing Spencer & Co. who had notified him not to pay anything further to Wininger, except for labor bills. Whereupon plaintiff, through their representative, called upon Spencer & Co. and told Mr. Falkenburg, the managing member of said firm at Taylor, that unless their claim was paid that he intended to bring suit at once for its collection, and take all necessary steps to perfect their lien for the amount of their bill which had gone into the construction of the Bland residence, whereupon Falkenburg told him that if he would do nothing in the matter, that he would see that their claim was paid. Plain-

tiffs' representative told him that if his firm would see that the claim was paid, that he would take no further steps in the matter. Falkenburg replied that he would do so, and plaintiffs accepted and relied upon this promise and did nothing further towards the prosecution of their claim. The building was not then complete, having been subsequently finished in December following. Some two weeks thereafter it appears that Wininger executed his note, payable on demand, to Nalle & Co. for the amount of this bill. The only written notice of the Nalle claim that was ever given to Bland was the order above mentioned, presented to him by Nalle & Co. on August 31, 1910.

While other questions are urged in appellants' brief, yet the chief ground of nonliability insisted upon by them is that their oral promise to pay said claim of plaintiffs was without consideration and in contravention of the statute of frauds, and is the only question we think necessary to discuss, since the judgment of the court is alone predicated upon said promise or guarantee on the part of appellants, to pay the claim of plaintiffs. If there was a consideration for this promise on the part of appellants, then there can be no question under the authorities, but that appellants were liable thereon. See Blakeney v. Nalle & Co., 45 Tex. Civ. App. 035, 101 S. W. 876; Wallace v. Freeman, 25 Tex. Supp. 91; Monroe v. Buchanan, 27 Tex. 247; Spann v. Cochran, 63 Tex. 240; Morris v. Gaines, 82 Tex. 257, 17 S. W. 538; Lammon v. Box, 20 Tex. 329; McCreary v. Van Hook, 35 Tex. 640; Thompson v. Berg, 10 Tex. Civ. App. 214, 30 S. W. 461.

We think it sufficiently appears from the testimony that there was a valuable consideration for said promise. Nalle & Co. had at the time secured an order from Struve, the architect, upon Bland for the amount of their claim, which was approved and O. K.'d by Wininger, and were likewise threatening to bring suit and to perfect their materialman's lien, all of which was abandoned on account of the promise so made by appellants. This promise enured to the benefit of appellants, in that it caused plaintiffs to take no further steps in the prosecution of their claim, and appellants thereafter took immediate steps to establish their mechanic's lien, and have in this suit obtained judgment against Bland for a part of their claim thus secured. This being true, notwithstanding the promise was oral, we think appellants cannot rely upon the statute of frauds to defeat plaintiffs' right to recover, and their assignment presenting this question is therefore overruled.

Finding no error in the judgment of the court, the same is in all things affirmed.

Affirmed.