UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20812
_____


POWER ENTERTAINMENT, INC., GERRY GRIGGS, AND ROBERT THURMOND,

Plaintiffs-Appellants,

versus

NATIONAL FOOTBALL LEAGUE PROPERTIES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
_____
August 13, 1998

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

BENAVIDES, Circuit Judge:

Power Entertainment, Inc., Gerry Griggs, and Robert Thurmond (collectively "Power Entertainment") brought this action against National Football League Properties, Inc. ("NFLP"), alleging that NFLP agreed to transfer to Power Entertainment a license to sell NFL collectible cards in return for Power Entertainment's promise to assume the debt owed to NFLP by Pro Set, Inc., a licensee of NFLP, and that NFLP breached that agreement. The district court granted NFLP's motion to dismiss with respect to Power

Entertainment's breach of contract claim on the sole basis that the alleged contract was unenforceable pursuant to the suretyship statute of frauds. In this appeal, we review this determination, and, concluding that the district court erred in dismissing the breach of contract claim on the ground stated, we reverse.

I.

Pro Set had a licensing agreement with NFLP, which allowed Pro Set to market NFL cards bearing the statement "official card of the National Football League." In August 1992, Pro Set filed for bankruptcy. At that time, Pro Set owed NFLP approximately $800,000 in unpaid royalties from card sales. In September 1993, plaintiffs Gerry Griggs and Robert Thurmond, as representatives of Power Entertainment, met with NFLP to discuss taking over the licensing agreement between NFLP and Pro Set. Power Entertainment alleges that NFLP orally agreed to transfer Pro Set's license to Power Entertainment in return for Power Entertainment's agreement to assume Pro Set's debt to NFLP. NFLP subsequently refused to transfer the licensing agreement to Power Entertainment.

Power Entertainment then brought a breach of contract suit against NFLP in Texas state court, seeking damages for amounts spent in reliance on the alleged agreement and for lost profits. NFLP removed the suit to federal district court on the basis of diversity jurisdiction. The district court then granted NFLP's motion to dismiss, holding that Power Entertainment's contract

claim failed as a matter of law because it was not in writing and that Power Entertainment had failed to plead facts sufficient to support an estoppel claim.[1] The district court subsequently denied Power Entertainment's motions for reconsideration and for new trial. Power Entertainment timely filed notice of appeal from the district court's granting of NFLP's motion to dismiss and denial of Power Entertainment's motion for new trial. We reverse.

## II.

We review *de novo* the district court's decision to grant a Rule 12(b)(6) motion to dismiss. *See Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997). Dismissal for failure to state a claim is appropriate only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief. *See id.* at 247.

---

[1] The district court placed considerable emphasis at the hearing on NFLP's motion to dismiss on the potentially preclusive effect of the Pro Set bankruptcy proceeding. In that proceeding, Power Entertainment apparently sought and obtained approval of a reorganization plan under which Power Entertainment would have "purchased Pro Set out of bankruptcy," although Pro Set was ultimately liquidated. The district court, however, did not ultimately rest its dismissal of Power Entertainment's complaint on issue or claim preclusion arising out of the bankruptcy. As the district court made clear in its opinion on Power Entertainment's "motion for new trial," the dismissal order was based on the statute of frauds and Power Entertainment's failure to plead facts that would support recovery on a promissory estoppel theory. Indeed, NFLP concedes that the district court's ruling was not related to the Pro Set bankruptcy proceeding and does not seek to uphold the district court's dismissal on that basis. The district court is, of course, free to revisit this issue on remand.

In granting NLFP's motion to dismiss, the district court concluded that the "suretyship" statute of frauds rendered the alleged oral agreement between NFLP and Power Entertainment unenforceable because Power Entertainment promised to assume Pro Set's debt to NFLP as part of the alleged oral agreement. The relevant statute of frauds provision under Texas law[2] provides that "a promise by one person to answer for the debt, default, or miscarriage of another person" must be in writing. Tex. Bus. & Com. Code Ann. § 26.01(a),(b)(2). As the Supreme Court of Texas has explained, the suretyship statute of frauds serves an evidentiary function:

> Probably the basic reason for requiring that a promise to answer for the debt of another be in writing is that the promisor has received no direct benefit from the transaction. When the promisor receives something, this is subject to proof and tends to corroborate the making of the promise. Perjury is thus more likely in the case of a guaranty where nothing but the promise is of evidentiary value. The lack of any benefit received by the promisor not only increases the hardship of his being called upon to pay but also increases the importance of being sure that he is justly charged.

*Cooper Petroleum Co. v. LaGloria Oil & Gas Co.*, 436 S.W.2d 889, 895 (Tex. 1969). These evidentiary concerns do not pertain, however, if "the promise is made for the promisor's own benefit and not at all for the benefit of the third person . . . ." *Id*. Consistent

---

[2] The parties agree that either Texas or New York law applies and that the result is the same under the law of both states. The district court gave no indication of which law it applied. Because the parties brief Texas law most extensively, we will focus on Texas law except to the extent that New York law differs.

4

with this common-sense approach, the Texas courts have adopted the "main purpose doctrine," which, broadly speaking, removes an oral agreement to pay the debt of another from the statute of frauds "wherever the main purpose and object of the promisor is not to answer for another, but to subserve some purpose of his own . . . ." *Gulf Liquid Fertilizer Co. v. Titus*, 354 S.W.2d 378, 386 (Tex. 1962)(quoting *Lemmon v. Box*, 20 Tex. 329 (1857)); *see also Davis v. Patrick*, 141 U.S. 479, 488, 12 S. Ct. 58, 60 (1891); *Haas Drilling Co. v. First National Bank*, 456 S.W.2d 886, 890 (Tex. 1970).

In applying the main purpose doctrine under Texas law, this court has articulated the three factors used by Texas courts to determine whether the main purpose doctrine applies:

> 1)    [Whether the] promisor intended to become primarily liable for the debt, in effect making it his original obligation, rather than to become a surety for another;
> 2)    [Whether there] was consideration for the promise; and
> 3)    [Whether the r]eceipt of the consideration was the promisor's main purpose or leading object in making the promise; that is, the consideration given for the promise was primarily for the promisor's use and benefit.

*In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1127 (5th Cir. 1993) (citations omitted). Applying these factors to the facts alleged by Power Entertainment, it is apparent that Power Entertainment may be able to show that the alleged oral agreement falls outside of the statute of frauds. Consistent with the allegations in its complaint, Power Entertainment may be able to adduce facts that would prove that Power Entertainment intended to create primary responsibility on its part to pay Pro Set's $800,000 debt to NFLP,

5

rather than merely acting as a surety for Pro Set's obligation. According to Power Entertainment's complaint, Pro Set had already declared bankruptcy and defaulted on its royalty obligations to NFLP, and there is no indication that Pro Set was involved in any way in the September 1993 negotiations between NFLP and Power Entertainment.[3] Further, the licensing agreement constituted valuable consideration for Power Entertainment's agreement to pay Pro Set's debt. Finally, Power Entertainment apparently agreed to pay Pro Set's debt to NFLP not to aid Pro Set, but to induce NFLP to transfer Pro Set's licensing agreement to Power Entertainment for Power Entertainment's use and benefit. Under these circumstances, we conclude that Power Entertainment may be able to prove a set of facts that would allow a jury to find that the alleged oral agreement is not barred by the statute of frauds.[4] Thus, the district court erred in dismissing Power Entertainment's complaint based on the statute of frauds.

---

[3] Comments to the Restatement (Second) of Contracts list "prior default, inability or repudiation of the principal obligor" and "lack of participation by the principal obligor in the making of the surety's promise" as factors to be taken into consideration in determining whether the main purpose doctrine applies. Restatement (Second) of Contracts § 116 cmt. b.

[4] Although New York does not recognize the main purpose doctrine, it does allow suit on an oral agreement to assume the debt of another if there is proof that the promise "is supported by a new consideration moving to the promisor and beneficial to him and that the promisor has become in the intention of the parties a principal debtor primarily liable." *Martin Roofing, Inc. v. Goldstein*, 469 N.Y.S.2d 595, 596 (N.Y. 1983). The foregoing discussion demonstrates that dismissal of Power Entertainment's claims was inappropriate under this standard as well.

Although NFLP correctly points out that the cases relied upon by Power Entertainment involve attempts by an obligee to enforce a surety's promise to pay the debt of a principal obligor rather than attempts by a person in the position of a surety to hold the obligee to its end of the bargain, we are not persuaded that the identity of the party seeking to enforce the contract has any bearing on whether the statute of frauds bars the contract's enforcement. The thrust of the suretyship statute of frauds is to protect those alleged to have guaranteed the debt of another. *See* E. Allan Farnsworth, Contracts § 6.3, at 401-02 (2d ed. 1990). Thus, if anything, the rationale behind this statute of frauds provision has less force in a case such as this one, where the would-be surety, Power Entertainment, is attempting to require the obligee (NFLP) to pay the consideration allegedly promised for Power Entertainment's agreement to assume the debt of the principal obligor (Pro Set).[5]

## III.

Accordingly, the judgment of the district court is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.

---

[5] Because we hold that the dismissal on statute of frauds grounds was erroneous, we do not address Power Entertainment's argument, made in the alternative, that the district court erred in dismissing its promissory estoppel claim.