SUMMIT PROPERTIES, INC.,
et al., Plaintiffs,

v.

HOECHST–CELANESE
CORPORATION, et
al., Defendants.

No. H–98–1954.

United States District Court,
S.D. Texas,
Houston Division.

May 24, 1999.

Barry L. Racusin, Racusin and Wagner, Houston, TX, for Plaintiffs.

Christopher Artzer, Kasowitz, Benson, Torres, et al., Houston, TX, for Hoechst–Celanese Corporation fka Celanese Corporation and Hoechst Corporation.

Jim C. Ezer, Abbot Simses et al., Houston, TX, for E.I. Dupont De Nemours & Co.

Daniel Anthony Hyde, Vinson & Elkins, Houston, TX, for Shell Oil Company, dba Shell Chemical Company.

Jack W. Tucker, Jr., Tucker Hendryx et al., Houston, TX, for Vanguard Plastics Inc.

Michele Elizabeth Taylor, Tekell Book Matthews & Limmer, Houston, TX, for Bow Industrial Corp.

Glen M. Boudreaux, Kirklin Boudreaux et al., Houston, TX, for Household International Inc.

## MEMORANDUM OPINION AND ORDER

HITTNER, District Judge.

Plaintiffs are owners of commercial and residential properties in which polybutylene plumbing systems were installed. Defendants are either manufacturers of the component parts of the polybutylene plumbing systems or suppliers or raw material used in the plumbing systems. Plaintiffs have sued Defendants, alleging that Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("Civil RICO").

The case is now before the Court on Defendants' Motions to Dismiss (Instruments No. 99, No, 102, No. 103, No. 106, and No. 110), to which Plaintiffs have filed a consolidated response.[1] The Court has thoroughly reviewed the motions and accompanying briefs, Plaintiffs' response, the Second Amended Complaint, Plaintiffs' RICO Statement, and the applicable legal authorities. Based on this review, the Court grants Defendants' motions to dismiss the Civil RICO claim. Having dismissed the only federal claim and absent allegations of complete diversity of citizenship, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims which are dismissed without prejudice.

## I. PLAINTIFFS' ALLEGATIONS

Plaintiffs allege that Defendant Shell Chemical Company organized various manufacturers of polybutylene plumbing and component parts into an enterprise which Plaintiffs refer to as the "PB Enter-

---

1. In their Response, Plaintiffs state that Defendants' Motions to Dismiss should be denied because Judge Norman Black denied similar motions to dismiss in *Villager Lodge, Inc. v. Hoechst–Celanese Corp.*, Civil Action No. 96–3341. The Court notes that Judge Black denied the motions to dismiss, not on the merits, but on unspecified "infirmities in the factual basis supporting Defendants' motions to dismiss the Civil RICO claims." *Villager Lodge*, Civil Action No. 96–3341, Instrument No. 109.

prise." Plaintiffs allege that the purpose of the PB Enterprise was to promote polybutylene plumbing systems, create an enormous demand for the systems, and cause polybutylene to become the material of choice for plumbing and potable water service distribution systems.

Plaintiffs allege that, in furtherance of PB Enterprise's goal to promote polybutylene plumbing systems, Defendants made material misrepresentations to building code entities, builders, and plumbers concerning the attributes of the systems. Plaintiffs concede that they "did not rely on anything Defendants said or published in purchasing their properties ...." Instead, Plaintiffs allege that they relied on the building inspectors who told them that the properties' plumbing systems satisfied local building codes.

Defendants filed motions to dismiss, arguing *inter alia* that Plaintiffs' allegations were insufficient to support the proximate causation requirement of their Civil RICO claim.

## II. STANDARD FOR MOTION TO DISMISS

■ Rule 12(b)(6) allows for dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Rule 12(b)(6) dismissal "is appropriate only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entertainment, Inc. v. National Football League Properties, Inc.,* 151 F.3d 247, 249 (5th Cir.1998). The factual allegations "must be reviewed in the light most favorable to the plaintiff." *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995). Unlike motions for summary judgment, the Rule 12(b)(6) motion "only tests whether the claim has been adequately stated in the complaint."

*Doe v. Dallas Independent School Dist.,* 153 F.3d 211, 220 (5th Cir.1998).

## III. ANALYSIS

■ The Civil RICO statute requires the plaintiff to prove that he was "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964. The clear language of the statute imposes three separate requirements: (1) injury to the plaintiff's business or property; (2) proximate causation ("by reason of"); and (3) the underlying wrong (the section 1962 violation). The Fifth Circuit has held that proof of the underlying wrong, if mail or wire fraud, does not require proof of detrimental reliance. *Armco Industrial Credit Corp. v. SLT Warehouse Co.,* 782 F.2d 475, 482 (5th Cir.1986). The Fifth Circuit has not addressed, however, the issue of reliance as an element of the proximate cause requirement.[2]

The proximate causation issue was thoroughly and persuasively addressed by the Fourth Circuit in *Brandenburg v. Seidel,* 859 F.2d 1179 (4th Cir.1988), and by the Eleventh Circuit in *Pelletier v. Zweifel,* 921 F.2d 1465 (11th Cir.), *cert. denied,* 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991). In *Brandenburg,* the Fourth Circuit held that civil RICO plaintiffs who base their claim on predicate acts of mail or wire fraud must allege both that they detrimentally relied on the fraudulent statements and that the fraudulent statements were the proximate cause of the alleged injury to their property or business. *Brandenburg,* 859 F.2d at 1188–90. In *Pelletier,* the Eleventh Circuit held that "when the alleged predicate act is mail or wire fraud, the plaintiff must have been a target of the scheme to defraud and must have relied to his detriment on misrepresentations made in furtherance of that scheme." *Pelletier,* 921 F.2d at 1499–1500.

---

**2.** The Fifth Circuit stated in *Khurana v. Innovative Health Care Systems, Inc.* that the proximate cause requirement may be satisfied by proof of "reliance on the predicate fraud act." The Fifth Circuit's decision was subsequently vacated and the appeal dismissed as moot. *Khurana v. Innovative Health Care Systems, Inc.,* 130 F.3d 143, 151 (5th Cir.1997), *cert. granted and judgment vacated,* 525 U.S. 979, 119 S.Ct. 442, 142 L.Ed.2d 397 (1998).

208

*See also Lifschultz Fast Freight, Inc. v. Consolidated Freightways Corp.,* 805 F.Supp. 1277, 1291–92 (D.S.C.1992) (no proximate cause because the "alleged predicate acts were all directed at third parties"), *aff'd,* 998 F.2d 1009 (4th Cir.), *cert. denied,* 510 U.S. 993, 114 S.Ct. 553, 126 L.Ed.2d 454 (1993).

This Court previously held in *Heden v. Hill,* 937 F.Supp. 1230 (S.D.Tex.1996), that a plaintiff cannot maintain a Civil RICO claim absent allegations that the defendant made misrepresentations to the plaintiff, through the use of the mails or wires, and that the plaintiff relied on those misrepresentations to his detriment. *Heden,* 937 F.Supp. at 1243. In *Heden,* the plaintiff could not maintain his Civil RICO claim because there were no alleged misrepresentations made to him and relied upon by him. *Id.* Instead, the plaintiff in *Heden* claimed that misrepresentations to third parties injured him in his business or property. *Id.*

■ Similarly, in this case Plaintiffs do not allege that fraudulent communications through mail and wire were directed to them and do not allege that they relied on any of the alleged misrepresentations to third parties. Instead, Plaintiffs allege that they relied on building inspectors who reported that the polybutylene plumbing systems satisfied building codes which had been established based on material misrepresentations to the building code entities.

■ The Court concludes, based on its review of the civil RICO statute and the cases cited herein, that absent an allegation that Defendants made material misrepresentations to Plaintiffs and that Plaintiffs relied on the mail and wire fraud on which the Civil RICO claims are predicated, Plaintiffs cannot satisfy the proximate causation requirement for purposes of Civil RICO. As a result, Plaintiffs Civil RICO claim must be dismissed.

■ Under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state law claims. These matters are more properly dealt with in the state courts. *See Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Plaintiffs have failed to state a claim under the RICO statute. Accordingly, it is hereby

**ORDERED** that Defendants' Motions to Dismiss (Instruments No. 99, No. 102, No. 103, No. 106, and No. 110) are **GRANTED** as to Plaintiffs' Civil RICO claim, which will be DISMISSED WITH PREJUDICE by separate order.

IT IS FURTHER **ORDERED** that Plaintiffs' state law claims are DISMISSED WITHOUT PREJUDICE to being refiled in the appropriate state court. Plaintiffs should take note that the period of limitations for the dismissed state claims is tolled for an additional period of thirty (30) days after entry of the Court's Final Order of Dismissal unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d).

### FINAL ORDER OF DISMISSAL

In accordance with the Memorandum Opinion and Order issued this day, it is hereby

**ORDERED** that Defendants' Motions to Dismiss are **GRANTED** as to Plaintiffs' Civil RICO claim, which is DISMISSED WITH PREJUDICE. Plaintiffs' state law claims are DISMISSED WITHOUT PREJUDICE to Plaintiffs' refiling the claims in the appropriate state court.

THIS IS A FINAL ORDER OF DISMISSAL.