BARBIAN v. GRESHAM et al.

(Court of Civil Appeals of Texas. Austin. March 19, 1913.)

1. VENUE (§ 77*) — PLEA OF PRIVILEGE — WAIVER.

A party waives his plea of privilege to be sued in another county by subsequently filing and urging a cross-action asking for affirmative relief.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 59, 134, 138; Dec. Dig. § 77.*]

2. APPEAL AND ERROR (§ 1001*)—FINDINGS—CONCLUSIVENESS.

A finding of fact supported by evidence cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Appeal from Runnels County Court; R. S. Griggs, Judge.

Action by Robert J. Gresham against John Barbian and another, in which defendant named reconvened. From a judgment for plaintiff and against defendant on his plea in reconvention, defendant named appeals. Affirmed.

Harry Tom King and D. M. Oldham, Jr., both of Abilene, for appellant. James P. Cogdell, of Winters, for appellees.

RICE, J. Appellee Gresham brought this suit against John Barbian and Geo. Onken in the justice's court to recover the sum of $175.35 on an assigned account for balance claimed to have been due from Barbian to Onken for stone sold and delivered by Onken to Barbian, and which claim was transferred to Gresham by Onken, who guaranteed the payment thereof at Winters, in Runnels county. Defendant Barbian, who lived in Taylor county, filed his plea of privilege to be sued in said county, alleging that said transfer was fraudulent, fictitious, without consideration, and made for the purpose of conferring jurisdiction in Runnels county; he also filed a general denial and plea in reconvention against Onken, wherein he set up that he had overpaid Onken for said stone to the extent of $48, and prayed for judgment against Onken for said amount. There was a trial had in the justice's court, resulting in a judgment in favor of Gresham, and an appeal prosecuted therefrom by Barbian to the county court, where a judgment was likewise rendered against Barbian on the account sued on for the sum of $173.25, and against Onken on his guaranty, and against said Barbian on his plea in reconvention, from which this appeal is prosecuted.

It is urged on the part of appellant that the court erred in excluding evidence offered by him in support of his plea of privilege, and for the further purpose of showing that Gresham was not the owner of the cause of action sued upon, and was not a party at interest to the suit; but on the other hand, that Onken was the owner of said cause of action, etc. Appellee contends that in this there was no error, for the reason that where the record discloses, as it does here, that a defendant has filed a plea seeking affirmative relief, he is no longer entitled to insist upon his plea of privilege, for the reason that he has thereby invoked the jurisdiction of the court in his behalf; and that therefore the court did not err in excluding this testimony.

[1] We agree with this contention. It is well settled in this state that a party waives his plea of privilege who subsequently files and urges a cross-action asking affirmative relief. See Ramsey & Son v. Cook, 151 S. W. 346; Thorndale Mercantile Company v.

Evens & Lee, 146 S. W. 1053; Kolp v. Shrader, 131 S. W. 860. We therefore overrule the assignment presenting this question.

[2] The remaining assignment raises a question of fact, which was entirely for the jury to decide, and since there is evidence supporting their finding, this matter cannot be reviewed by us.

No reversible error is shown by the record, for which reason the judgment of the court below is affirmed.

Affirmed.