AMARILLO COMMERCIAL CO. v. McGREGOR MILLING & GRAIN CO.

(Court of Civil Appeals of Texas. Austin. April 30, 1913.)

1. VENUE (§ 32*)—PLACE OF SUIT—FRAUD.

Where plaintiff's petition charged defendant with a fraud as the basis of plaintiff's right to recover, which fraud was alleged to have been committed in L. county, and defendant filed a cross-action against its codefendant to recover whatever sum defendant might be held liable for, the filing of such cross-action constituted a waiver of defendant's plea of privilege to be sued in the county of its domicile.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

2. TRIAL (§ 252*)—DAMAGES—INSTRUCTIONS.

Where, in an action for the loss of hay, plaintiff testified that he "disposed of" the hay at M., but there was nothing to show that he sold the hay or received anything of value therefor, an instruction that the measure of damages was the difference between the amount paid by plaintiff and the reasonable market value of the hay received and disposed of by it, was unauthorized.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

3. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMING FACTS.

In an action for damages to hay, an instruction that if the jury believed the damage to the hay, if any was found, was occasioned by reason of the hay being baled and shipped when green, then neither of the defendant's carriers would be liable was not objectionable as assuming that the hay was green when it was baled and shipped.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

4. TRIAL (§ 252*) — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

Where, in an action for damage to hay, there was no evidence that the hay shipped had been removed from the cars and other hay substituted therefor, the court properly refused to charge that, if the jury believed that the hay loaded at A. was not the hay delivered to plaintiff, they should find for defendant shipper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from McLennan County Court; Sam E. Stratton, Special Judge.

Action by the McGregor Milling & Grain Company against the Amarillo Commercial Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Geo. W. Cole and Scott & Ross, of Waco, for appellant. James P. Alexander, of Waco, for appellee.

KEY, C. J. This case comes from the county court of McLennan county, where appellee brought suit against appellant and two railroad companies, seeking to recover damages on account of a carload of hay ordered by appellee from appellant and transported by the other two defendants. The jury returned a verdict in favor of appellee against appellant, and in favor of the other two defendants, holding that they were not liable. Judgment was rendered accordingly, which judgment appellant seeks to have reversed.

[1] The first assignment of error complains of the action of the trial court in overruling appellant's plea of privilege to be sued in the county of its domicile. We think the plaintiff's petition charged appellant with the commission of a fraud, which was made the basis of appellee's right to recover, and which was committed in McLennan county, and for which reason appellee had the right to sue appellant in that county. Furthermore, appellant presented a cross-action against its codefendants by which it sought to recover from them whatever sum it might be held liable for; and the filing of such cross-action constituted a waiver of the plea of privilege. Barbian v. Gresham, 156 S. W. 365, recently decided by this court, and cases therein cited.

[2] The second assignment undertakes to complain of a certain portion of the court's charge. The charge copied in the statement under that assignment does not correspond with the assignment, but relates to a different subject. The proposition submitted under the assignment is that the measure of damages is the difference between the amount paid by appellee and the reasonable market

value of the hay received and disposed of by it. The statement submitted in appellant's brief does not show that any such difference existed, the maker of the brief having contented himself with the statement that plaintiff testified that he disposed of the hay at McGregor, Tex., and a reference to the statement of facts where he so testified. That statement does not show that the hay had any value when it arrived at McGregor, and does not show that appellee sold the hay and received money, or anything else of value, for it. His and other testimony submitted by him tended to show that it was absolutely worthless, and when he said he disposed of it, he may have meant that he destroyed it or threw it away. At any rate, appellant has not referred to any testimony tending to show that there was any difference between the amount paid out by appellee and the value of the hay delivered to him.

[3] The third assignment complains of the following paragraph of the court's charge: "But you are further instructed that if you believe from a preponderance of the evidence that the damage to said hay, if any you find, was occasioned by reason of said hay being baled and shipped when green, or in a sappy condition, or other inherent defects, then and in that event the defendants, Missouri, Kansas & Texas Railway Company and the Ft. Worth & Denver City Railway, or either of them, would not be liable for any such damage to said hay from said cause." The objection is that the charge quoted assumes that the hay was green or in a sappy condition, or contained other inherent defects at the time it was baled and shipped, and was therefore upon the weight of evidence. The objection is without merit, as the charge does not assume the existence of either of the facts referred to. In fact an examination of the court's charge in its entirety discloses the fact that the learned judge submitted the case to the jury with reasonable accuracy and entire fairness.

[4] The only other assignment submitted in appellant's brief complains because the court refused a special charge instructing the jury that if they believed from the evidence that the hay loaded at Amarillo was not the hay delivered to appellee, to find for appellant. There was no evidence that would warrant a finding that the hay shipped by appellant had been removed from the car and other hay substituted for it; and in order to find for appellee against appellant, the court's charge required the jury to find that the hay shipped by appellant was not of the kind and class ordered by appellee. Therefore we hold that no error was committed in refusing the requested charge.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.