## CARLISLE v. FROST–LLEWELLYN LUMBER CO. (No. 705.)

(Court of Civil Appeals of Texas. El Paso. May 24, 1917. Rehearing Denied June 28, 1917.)

1. VENUE ☞22(1)—PLACE OF BRINGING ACTIONS—JOINT DEFENDANTS.
Where one defendant accustomed to deal with plaintiff secured lumber from plaintiff for the other defendant on her guarantee to pay therefor, the other defendant agreeing in turn to pay her, and the account being carried on the books of the plaintiff as against the other defendant, the liability of defendants was joint, so as to permit suit on the account against both of them in the county where either resided.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 35.]

2. VENUE ☞32(2) — PLACE OF SUIT — RESIDENCE OF DEFENDANT.
If a defendant pleads over against a codefendant, he thereby waives his plea of privilege to be sued in the county of his own residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 49.]

3. FRAUDS, STATUTE OF ☞23(3) — ORAL PROMISES—VALIDITY.
An original promise to pay for lumber secured for use of another made before the sale of the lumber was not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 18, 19.]

Appeal from Palo Pinto County Court; J. T. Ranspot, Judge.

Suit by the Frost-Llewellyn Lumber Company against Mrs. A. E. Carlisle and another. Judgment for plaintiff, and defendant Carlisle appeals. Affirmed.

W. H. Penix, of Mineral Wells, and Adams & Stennis, of Dallas, for appellant. W. Percy Smith, of Mineral Wells, for appellee.

WALTHALL, J. This suit was instituted by the appellee, Frost-Llewellyn Lumber Company, against appellants, Mrs. A. E. Carlisle and one Nelson Hoffman, in the justice court of precinct No. 5, Palo Pinto county, Tex. Appellant, in due time, filed and urged in that court her plea of privilege to be sued in Dallas county, and, subject to her plea, filed her answer. Judgment was rendered in the Justice court overruling said plea of privilege, and against both defendants. Appellant perfected appeal to the county court, and again urged her said plea. The plea was overruled in the county court, and judgment there rendered in favor of appellee against both defendants. Mrs. Carlisle alone prosecutes this appeal.

Her first and second assignments complain of error in overruling her plea of privilege to be sued in Dallas county, the county of her domicile at the time of filing the suit. The ground of error in the first assignment is, in substance, that appellant resided in Dallas county and her codefendant, Nelson Hoffman, resided in Palo Pinto county; that no cause of action was alleged against Hoffman, and that Hoffman was and is an improper and lictitéous party defendant; and was made defendant for the fraudulent purpose of laying the venue of the suit in Palo Pinto County. The second assignment is based on the statement that the cause of action alleged against Hoffman is not the same, but a different cause from that alleged against appellant. The appellee's pleading in the county court, omitting the formal parts, alleges:

"That on or about the 22d day of January, 1914, the plaintiff sold to Mrs. A. E. Hoffman a bill of lumber, items of which are set out in the account filed herein, aggregating the sum of $160.40, and that the lumber was sold to her at her special instance and request, and at her request was delivered to Nelson Hoffman; that Nelson Hoffman agreed with Mrs. Carlisle and promised her that he would pay Frost-Llewellyn Lumber Company for the lumber, and we are suing Mrs. Carlisle on her purchase and promise to pay for the lumber; we are suing Nelson Hoffman on his promise to pay for the lumber" —then states certain credits, one of which made by Hoffman, and other facts not necessary to quote here. The case was tried without a jury and the court filed the following findings of facts:

"(1) That the plaintiff is and was at the time of filing this suit a private corporation, duly incorporated under the laws of the state of Texas, engaged in the lumber business in the city of Mineral Wells, in Palo Pinto county, Tex.

"(2) That Mrs. A. E. Carlisle is a feme sole, and resided at the time of the purchase of the lumber for which the account herein sued on was made in the city of Mineral Wells, Palo Pinto county, Tex., and was engaged in running a hotel in the city of Mineral Wells. She had done considerable trading with Frost-Llewellyn Lumber Company, and had run an account with them, and had always paid her bills promptly.

"(3) Nelson Hoffman is a negro and resides, and at the time of filing this suit resided, in Mineral Wells, Palo Pinto county, Tex. At the time of the purchase of the lumber he was working for the defendant Mrs. A. E. Carlisle, and

had been working for her for more than three years.

"(4) Nelson Hoffman was not known to any of the officers of Frost-Llewellyn Lumber Company, nor to any of their employés, and they had never heard of him, nor did he know any of the officers or employés of said plaintiff. Hoffman never did buy, or attempt to buy, any lumber from Frost-Llewellyn Lumber Company or any of its officers or employés. About six months after said lumber was purchased, J. C. Llewellyn, president of plaintiff, became acquainted with Hoffman, and this was the first time that any one having any connection with plaintiff had ever seen Hoffman.

"(5) A few days before the purchase of the lumber, the said defendant Nelson Hoffman, requested the said Mrs. Carlisle to make arrangements for him, the said Hoffman to get some lumber, and told her he wanted to build a little house, and told her he would pay for same. In compliance with this request, the said Mrs. Carlisle called Mr. J. C. Llewellyn, president of Frost-Llewellyn Lumber Company, over the telephone and told him to send the lumber to Nelson Hoffman, and that she would pay for it. She told him that Hoffman was working for her, and that she could hold the money out of his wages. Relying upon her promise to pay for the lumber, Llewellyn agreed to deliver the lumber to Nelson Hoffman, which was later done. After Mrs. Carlisle had talked to Mr. Llewellyn, and had made arrangements to have the lumber delivered, and before same was delivered, she told Hoffman that she had made arrangements for the lumber at Frost-Llewellyn Lumber Company's, and Hoffman again agreed to pay for same. It was agreed between Hoffman and Mrs. Carlisle that Mrs. Carlisle should hold out of his wages what he could spare to pay on the account each week.

"(6) At the request of Mrs. Carlisle, the account was carried on the books of the company in the name of Nelson Hoffman, she stating at the time of the purchase of the lumber that she wished this done so as to keep it separate from her account, and so that she would know how much to collect from Hoffman.

"(7) At the time of the filing of this suit and of the service therein and trial thereof, Mrs. A. E. Carlisle was a resident of Dallas county, Tex., and Nelson Hoffman was a resident of precinct No. 5 of Palo Pinto county, Tex., where this suit was filed.

"(8) I find that the plaintiff sold said lumber and parted with same solely upon the credit of the defendant Mrs. A. E. Carlisle, relying solely upon her statement that she would pay for same, and that the credit was to the said Mrs. A. E. Carlisle, and not to the defendant Nelson Hoffman.

"(9) I find that the value of the lumber sold to the said defendant Mrs. A. E. Carlisle, and delivered to the defendant Nelson Hoffman, was $157.80, and that the defendant Nelson Hoffman has paid $8 on said account, leaving a balance due of $149.80."

The above is as much of the findings as is necessary to state.

The only question presented under the two assignments is: Was there a common obligation resting upon both defendants to pay for the lumber? Russell & Co. v. F. W. Heitmann & Co., 86 S. W. 75; K. C., P. & G. Ry. Co. v. Bermea L. & L. Co., 54 S. W. 324; Beauchamp v. Chester, 39 Tex. Civ. App. 234, 86 S. W. 1055.

Appellant's proposition, substantially, is that where there is no cause of action shown against the resident defendant, the non resident defendant is entitled to have the case

transferred to the county and precinct of her residence. There can be no question as to the correctness of the proposition. If Hoffman is not liable in the suit, the case should be ordered transferred to Dallas county. The court found that Mrs. Carlisle ordered the lumber and had it delivered to Hoffman, and agreed that she would pay for it. Before the lumber was delivered Hoffman requested Mrs. Carlisle to make arrangements for him to get the lumber, and agreed with her that he would pay for it. Mrs. Carlisle in arranging for the lumber stated that she could hold the money out of Hoffman's wages, showing that Hoffman was to pay for the lumber and pay through her; that is, Hoffman was not buying the lumber from Mrs. Carlisle, but was making arrangements for the credit through her, and was to make payment to appellee through her. Hoffman was acting in making arrangements for the credit, and for the purchase and delivery of the lumber, and for the payment of it entirely through Mrs. Carlisle. She, on her part, before its sale and delivery, and as a part of the transaction, agreed with appellee that she would pay for the lumber. At her request the account was carried on the books of the company against Hoffman. Hoffman so understood it, and paid part of the account.

[1] The facts found by the trial court, in our opinion, clearly show a joint liability of both Mrs. Carlisle and Hoffman. There is no merit in the second assignment that the cause of action against both defendants was not one and the same cause. The case was first tried in the justice court, where the pleadings are oral, and while the transcript does show that pleadings in that court of Mrs. Carlisle, the judgment entered in the justice court reads in part:

"And it appearing to the court that said debt was incurred for the sole benefit of Nelson Hoffman, it is ordered, adjudged, and decreed by the court that the defendant Mrs. A. E. Carlisle do have and recover from Nelson Hoffman what amount she may have to pay on said judgment to Frost-Llewellyn Lumber Company, and that she have her execution."

[2] If she pleaded over against her codefendant as the judgment indicates, she would thereby waive her plea of privilege. Barbian v. Gresham, 156 S. W. 365; Amarillo Commercial Co. v. McGregor Milling & Grain Co., 156 S. W. 1124; Keeling & Field v. Walter Connally & Co., 157 S. W. 232; and cases there cited.

[3] Appellant's third and fourth assignments are largely based on assertions of facts not found by the court, and contrary to the court's findings. If appellant's promise to pay for the lumber was conditioned on her ability to collect the money from Hoffman, there might be something in her contention that, for some reason, she could not collect the money. But the court did not find her promise to be so conditioned. The prom-

ise to pay for the lumber as alleged in the pleadings and as the court found was an original agreement and undertaking on the part of appellant, made before the lumber was sold and delivered to Hoffman, and was not within the statute of fraud. Muller v. Riviere, 59 Tex. 641, 46 Am. Rep. 291; Span v. Cochran, 63 Tex. 242; Lyons v. Daugherty et al., 26 S. W. 146.

The case is affirmed.