## MOSS v. REPUBLIC SUPPLY CO.
### (No. 1943.)

(Court of Civil Appeals of Texas. Amarillo. April 5, 1922.)

1. **Joint-stock companies** ⊚⟞19 — **Service of summons on trustees is sufficient in action against a joint-stock company.**

Under Rev. St. art. 6150, providing that in suits against joint-stock companies citation may be on the president, secretary, treasurer, or general agent, service on trustees having power to manage a joint-stock company and authority to act in legal proceedings and suits was sufficient.

2. **Joint-stock companies** ⊚⟞19 — **Trustee of joint-stock association properly sued for goods sold it.**

Where a director of an organization guaranteed an account for goods furnished the organization, a trustee of the organization authorized to act in legal proceedings was properly made a party in a suit on the account, since he was liable, either in his representative capacity, or as a partner.

3. **Joint-stock companies** ⊚⟞19 — **Trustee of joint-stock association may be sued where cause of action against association arose.**

Under Rev. St. art. 1830, subd. 24, permitting suit against a joint-stock association, where the cause of action arises, where goods were furnished to a joint-stock association in W. county, suit against it was properly brought in W. county, and under subdivision 4, providing that suit may be brought in the county where any of several defendants resides, a defendant trustee, living in another county, cannot obtain a change of venue to the county of his residence.

4. **Joint-stock companies** ⊚⟞19—**Trustee who guaranteed an account for a joint-stock company held a proper party defendant in action thereon.**

Where the managing trustee of a joint-stock company guaranteed an account of the company for goods furnished it, he was a proper party in a suit on the account against the company.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by the Republic Supply Company against A. S. Moss and others. From a judgment overruling his plea of privilege to be sued in the county of his residence, A. S. Moss appeals. Affirmed.

A. S. Moss, of Memphis, pro se.

Bonner, Bonner & Sanford, of Wichita Falls, for appellee.

HUFF, C. J. This is an appeal from a judgment overruling appellant Moss' plea of privilege to be sued in the county of his residence. The appellee, Republic Supply Company, brought suit in the county court at law in and for Wichita county, to recover the sum of $540.26, for certain articles of merchandise sold to the defendants. The suit is against J. W. Greenwood, alleged to reside in Wichita county and J. W. Greenwood, doing business as M. & P. Burk Oil & Gas Company, in Wichita county, and M. & P. Burk Oil & Gas Company, a joint-stock association, J. W. Greenwood, director therein, A. S. Moss and N. E. Burk, which, by amendment are alleged to reside in Hall county, Tex., and J. E. Pitts, who resides in Wichita county, all of whom it was alleged were trustees and directors of the association. It is further alleged that on May 12, 1919, Greenwood guaranteed in writing the indebtedness of the association to appellee, upon which a recovery is sought. Moss alone filed his plea of privilege to be sued in the county of his residence, Hall county. Greenwood appeared and filed his plea in bar. The appellee controverted the plea of Moss by alleging in effect that the account was for goods sold in Wichita county, to M. & P. Burk Oil & Gas Co., a joint-stock association in that county; that Moss and Burk were then temporarily residing in that county and that the company's place of business at that time was in that county; that Greenwood was then and is now a resident of that county and that the account sued on is secured by a written contract, payable at Wichita Falls, Wichita county. The court heard the evidence on the plea and the controverting plea by the plaintiff. A declaration of trust by A. S. Moss, J. E. Pitts and N. E. Burk was offered in evidence. The declared purpose of the trust was for themselves and such other persons as may from time to time be holders of the shares of the company and for the purpose of buying and acquiring by lease, oil lands, machinery, etc., all to be handled by the trustees, and they appoint themselves such trustees. The name of the company was to be M. & P. Burk Oil & Gas Company, with its home office at Memphis, Tex. It was to be capitalized at $50,000, divided into 1,000 shares of $50 each, and providing for the issuance of certificates of stock and the sale

───────────────

thereof. The officers of the company were to consist of a board of advisors of from 7 to 11 members, elected by the shareholders, naming them in the declaration as A. S. Moss, J. E. Pitts, Frank Bates, J. L. Boone, Jim King, L. L. McMillan, and J. W. Greenwood; also a board of trustees, who were named, being the first three above named, Moss, Pitts, and Burk, and who were authorized to act in all suits and legal proceedings. It is sought by article 12 of the instrument to exempt the shareholders and the trustees from liability personally on the obligation of the concern, and providing that persons, etc., contracting with the trustees shall look to the funds and property in the hands of the trustees for such payment, and that the trustees and shareholders shall not in any respect be personally liable therefor. J. W. Greenwood executed the following:

"Wichita Falls, Texas, 3/12/19.

"Republic Supply Company, Houston, Texas—Gentlemen: In consideration of your extending credit at our request to M. & P. Oil Company, in which company we are interested, and for value received, we hereby jointly and severally guarantee the full payment to you when due of all its indebtedness. Notes or other evidence of indebtedness or securities may be renewed by you on account or in adjustment of said indebtedness, and may be renewed and extended as you think advisable, without notice and without impairing the liability under this guaranty and thereby expressly included hereunder, until finally paid, etc.

"[Signed] J. W. Greenwood."

[1] The residence of Greenwood is sufficiently shown to have been in Wichita county, and the evidence indicates or shows that the company was doing business at Wichita Falls, Wichita county, buying supplies, and that the supplies here sued for were purchased for its use in Wichita county, and that Moss, Greenwood, Burk and Pitts were all at that time, at least temporarily, in Wichita county. In this case we do not believe it will be necessary to determine if the trustees are personally liable for the debts of the association under the declaration of trust. There is nothing to show that the trustees or that the articles of declaration intended to create a limited partnership or to comply with title 102 of the Revised Civil Statutes. It seems more in its nature to be an unincorporated joint-stock company. Moss was one of the trustees who seems to have the management of the association with his two associates in trust and had authority to act in all legal proceedings and suits. Service on such trustees would seem to be sufficient to bring in the association. Article 6150, R. C. S.; Slaughter v. American Baptist Publication Society (Tex. Civ. App.) 150 S. W. 224; Brotherhood of Railroad Trainmen v. Cook (Tex. Civ. App.) 221 S. W. 1049. If it is a partnership, as indicated in the Slaughter Case, Moss was properly served to bring in the association, and would be personally liable. See discussion of this question in Bingham v. Gramham (Tex. Civ. App.) 220 S. W. 105, at page 112.

[2-4] Moss being a proper party either in his representative capacity or on his individual liability, he was properly sued. If the venue was properly laid in Wichita county then Moss cannot obtain a change of venue to the county of his residence. It would seem the fourth subdivision of article 1830 is applicable. The M. & P. Burk Oil & Gas Company was primarily liable on the account which Greenwood guaranteed, and the causes of action were therefore properly joint. Greenwood was not an unnecessary or improper party. Carlisle v. Frost-Llewellyn Lumber Co. (Tex. Civ. App.) 196 S. W. 733; Bank of Garvin v. Freeman, 107 Tex. 523, 181 S. W. 187; San Angelo Cotton Oil Co. v. Houston Cotton Oil, etc. (Tex. Civ. App.) 185 S. W. 887. If the association was a joint-stock company, it would seem under subdivision 24, art. 1830, the venue was properly in Wichita county, as the goods were sold in that county, and the cause of action arose in that county.

The judgment will be affirmed.