**EVANS v. SHAW. (No. 140.)**

(Court of Civil Appeals of Texas. Waco. Jan. 22, 1925.)

**1. Appeal and error ⬪⇒722(1), 745—Assignment of error, not in transcript, nor copy or abridged statement of assignments in motion for new trial, not considered.**

Assignment of error contained in brief, but not in transcript, nor purporting to be copy, nor substantial copy, nor abridged statement, of any of appellant's assignments as contained in his motion for new trial, cannot be considered, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, and rules 23 and 29 of the Court of Civil Appeals.

**2. Appeal and error ⬪⇒745—Rule for filing assignment of error independent of motion for new trial stated.**

Assignment of error, intended as subsequent and independent assignment to motion for new trial, should be identified and be in consonance with some alleged error raised in such motion, and should also be filed in the trial court and included in the transcript.

**3. Frauds, statute of ⬪⇒26(1)—Promisor primarily liable on promise to pay for goods sold to, or services performed for, another.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3965, where goods are sold to, or services performed for, one party on the promise of another party to pay therefor, then such promisor is liable, not for the debt of another, but for his own obligation; credit having been extended to such promisor, and his obligation being an original undertaking and liability.

**4. Frauds, statute of ⬪⇒23(4)—Father's promise to pay physician for subsequent services to adult son held not within statute.**

Promise of father to physician to pay for subsequent professional services to be rendered his sick adult son *held* enforceable under statute of frauds (Vernon's Sayles' Ann. Civ. St. 1914, art. 3965).

**5. Frauds, statute of ⬪⇒23(4)—Father's promise to pay physician for former services to adult son held not within statute of frauds.**

Promise of father to pay physician for former treatment of his adult son, based on consideration of the father's moral obligation and responsibility to such son, and to subserve purpose of his own, and not primarily to settle his son's debt, *held* not within statute of frauds (Vernon's Sayles' Ann. Civ. St. 1914, art. 3965).

**6. Frauds, statute of ⬪⇒17—Rule as to when promise to answer for debt of another within statute stated.**

Whenever the main purpose and object of promisor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, though it may be in form a promise to pay debt of another, and though performance of it may incidentally have the effect of extinguishing the liability of another.

Appeal from Kaufman County Court; W. P. Williams, Judge.

Action by Guy G. Shaw against T. E. Evans. From a judgment for plaintiff, defendant appeals. Affirmed.

Charles Ashworth, of Kaufman, for appellant.

Wynne & Wynne, of Kaufman, for appellee.

STANFORD, J. This case originated in the justice court, from which it was appealed to the county court. Appellee sued appellant on an account for $188 for professional services as a physician in treating Little Tom Evans and his wife; Tom Evans being an adult son of appellant. Appellee alleged that from April 7, 1920, to October 15, 1920, his bill for treating appellant's son and his son's wife amounted to $102, and further alleged that on February 8, 1921, he was again called to see Tom Evans, and found him suffering with a severe attack of pneumonia, and, as Tom had not paid his bill for $102 for prior treatments, appellee informed appellant that he would not treat Little Tom Evans any further, unless he (appellant) would agree to pay, not only for his services from that date, but also the old bill of $102, to which he alleged appellant then and there agreed; and appellee further alleged that, if appellant had not made said promise, he would not have treated Little Tom Evans during his last sickness, and that he treated Little Tom during said attack of pneumonia from February 8th to February 14th, for which his charges amounted to the further sum of $86, making the total sued for and recovered of $188.

Appellant, defendant below, interposed a general denial, denying he had ever had any such agreement with appellee as alleged by him, and further that, if any such agreement was made, the same, not being in writing, was void under our statute of frauds. As appears from the statement of the pleadings above, the only issue of fact in the case was whether or not appellant made the agreement with appellee, as alleged by him. The evidence on this issue is sufficient to sustain a finding either way. We interpret the verdict of the jury as a finding that appellant did make the agreement with appellee as alleged by him. The court entered judgment on such finding for appellee for $188, the amount of both of said accounts.

[1, 2] Under his second assignment of error as contained in his brief, but not in the transcript, appellant in substance complains of the action of the court in permitting appellee to impeach the testimony of his witness, C. M. Gossett, on cross-examination, by showing that said witness had taken chloroform in an attempted suicide, and that said witness still owed appellee for services rendered him at said time. It is our opinion

⬪⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that this assignment, not purporting to be a copy, nor a substantial copy, nor an abridged statement of any of appellant's assignments, as contained in his motion for a new trial, is not entitled to be considered. See article 1612, Vernon's Sayles' Civil Statutes; also rules 23 and 29 (142 S. W. xii). If this assignment was intended as a subsequent and independent assignment to the motion for a new trial, it should have identified and been in consonance with some alleged error raised in the motion for a new trial, and should also have been filed in the trial court and included in the transcript. See Barkley v. Gibbs (Tex. Com. App.) 227 S. W. 1099. We will say, however, if we were to consider this assignment, we would be compelled to overrule the same, as it presents no error.

[3] Under appellant's first assignment, the contention is made that, under the pleadings of appellee and the proof as made by him, he was not entitled to recover by reason of the provisions of our statute of frauds. Article 3965 of our Statutes, as applied to this case, reads as follows:

"No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized: * * * 2. To charge any person upon a promise to answer for the debt, default or miscarriage of another."

It is a well-settled rule of law, not only in Texas, but in most of the other states, that if goods are sold to, or services performed for, one party upon the promise of another to pay for the same, then such promisor is liable not for the debt of another, but for his own obligation. In such case, credit having been extended to such promisor, he becomes primarily liable. His obligation to pay is an original undertaking and liability. See Gonzales v. Garcia (Tex. Civ. App.) 179 S. W. 932; Roach et al. v. Timpson (Tex. Civ. App.) 170 S. W. 863; Carlisle v. Frost-Llewellyn Lumber Co. (Tex. Civ. App.) 196 S. W. 733.

[4] As above set out, $86 of the account sued upon was for services rendered by appellee after appellant had agreed to pay for same, and appellee testified he would not have rendered said services if appellant had not agreed to pay for same. So, as to this much of the account, appellee, in treating Little Tom Evans, was extending credit to appellant, and appellant's obligation to pay was an original primary obligation. It was appellant's own debt, and the promise to pay for the services rendered after the promise was made never at any time came within the purview of the statute of frauds. Clearly appellee was entitled to recover, under the findings of the jury, this much of the account sued upon.

[5] But the remainder of the account sued upon, $102, was for treatments given Little Tom Evans and his wife nearly a year before the conversation with appellant, in which appellant agreed to pay same. In the treatments for which the $102 was charged, appellee extended credit solely to Little Tom Evans, and this much of the account was a debt against him alone, and continued a debt against him alone for nearly a year, up to and at the time of appellant's verbal agreement to pay same. Was appellant's promise to pay this part of the debt within the statute? This question has required a good deal of research. It is true Little Tom Evans was an adult son of appellant, 25 years of age, married, not dependent upon appellant, nor a member of his family, and there was no legal obligation upon the part of appellant to furnish him medical treatment; but, at the time of said conversation between appellant and appellee, appellant's son was a very sick man, and died a few days later. The son was in a helpless condition, unable on his own responsibility to secure treatment by appellee. There was a moral obligation and duty on the part of appellant to secure such treatment, and no doubt appellant felt very keenly this moral obligation on his part, and so, for the purpose, not primarily, of paying or securing his son's debt, but to subserve a purpose of his own—the performance of this moral obligation to his son—he agreed unconditionally to pay, not only for future treatments, but also the old bill of $102.

[6] There is a great variety of discussions and conflicting decisions, not only in Texas, but in all the other states, in the effort to construe and apply the statute of frauds, and to determine whether or not a promise to pay the debt of another is within the statute. The test, however, adopted by the Texas decisions, is thus stated by Chief Justice Hemphill in the case of Lemmon v. Box, 20 Tex. 329:

"Wherever the main purpose and object of the promisor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing the liability of another."

This test has been adopted and applied in many subsequent Texas decisions, and we think may be regarded as the settled rule of decision in this state. See Lemmon v. Box, 20 Tex. 329; Muller v. Riveire, 59 Tex. 640, 46 Am. Rep. 291; Blakeney v. Nalle, 101 S. W. 875; Spencer & Co. v. Nalle & Co. (Tex. Civ. App.) 143 S. W. 991; Housley v. Strawn Merchandise Co. (Tex. Civ. App.) 253 S. W. 673. The promise of appellant having been made by him to subserve a purpose of his own, and not primarily to settle his son's

debt, such promise was not within the statute of frauds, and created a primary obligation on the part of appellant for the $102, as well as for the future treatments.

We overrule appellant's first assignment of error, and affirm the judgment of the trial court.