# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00081-CV

**Phillip Kothmann, Appellant**

v.

**The F. Vosburg Hall and Marylou Hall Children's Crisis Foundation, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT NO. D-0601562-C, HONORABLE R. L. BLANN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Phillip Kothmann appeals the judgment granted against him on his claim that the F. Vosburg Hall and Marylou Hall Children's Crisis Foundation improperly failed to pay him for orthodontic services he provided to children. Kothmann sought compensation under theories of breach of contract, quantum meruit, and fraud. The trial court granted a take-nothing summary judgment on his claims for breach of contract and in quantum meruit, concluding that his contract claim was barred by the statute of frauds and that he had presented no evidence that he provided services to the Foundation to support a quantum meruit recovery. After a bench trial, the court concluded that Kothmann had not presented sufficient evidence to support recovery on his fraud claim. We affirm the judgment.

According to the preamble to its applications for assistance, the "Foundation was created to assist children in situations of critical need or critical want. Eligibility for

financial assistance is limited to children less than twelve years of age" who meet requirements for residence in Tom Green County. Because many children who need or want orthodontic services cannot afford them, Kothmann agreed to make applications to the Foundation for assistance available at his office.

The Foundation reviewed Applications for Assistance to determine whether the applicant children were eligible and how much money, if any, the Foundation would pay for orthodontic services. Kothmann's office provided applications to interested families. The Foundation's executive director would inform Kothmann's office by telephone of the amount of assistance, if any, approved for a child. Kothmann's office then prepared an Orthodontic Treatment Contract and Financial Policy that included a payment schedule listing such items as "Cash Price (Professional Fee)," "Provided Insurance Pays," and "Amount Financed." On contracts of Foundation-approved children, there are handwritten notations of "Hall" or "Hall Found" or "Pd. By Hall" (often on the insurance line, but sometimes on the cash price line or the cash down payment line) and amounts of money expected from the Foundation. Each treatment contract states, however, that the signatories (apparently, the applicants' parents or guardians) were the persons "liable for the payments due under this contract." No representative of the Foundation signed the treatment contracts in evidence. The Foundation made payments by check from the Foundation directly to Kothmann. Many checks were a lump sum to be apportioned among Foundation-approved patients.

The dispute at issue arose when Stephanie Lawson stepped down as executive director and, under the new director, the Foundation declined to pay balances Kothmann asserted were due for services rendered to children approved by the Foundation. The Foundation

informed Kothmann's office that the Foundation could not pay for services provided to children who had turned twelve years of age, even if treatment had begun and was continuing and the Foundation had not paid the full amount it had approved earlier. Kothmann sued for recovery of $11,150 in amounts that had been approved by the Foundation but were not paid. He claimed breach of contract, recovery in quantum meruit, and fraud.[1]

The Foundation sought summary judgment on the breach of contract and quantum meruit claims. The Foundation contended that the contract claim was barred by the statute of frauds provision that the following types of promises or agreements had to be in writing to be enforceable: (1) promises by a person to answer for the debt of another, and (2) an agreement, promise, contract, or warranty of cure relating to medical care or results thereof by a physician or health care provider. *See* Tex. Bus. & Com. Code Ann. § 26.01(a), (b)(2), (b)(8) (West 2009).[2] The Foundation sought a no-evidence summary judgment on the quantum meruit claim, asserting that Kothmann had produced no evidence (1) that valuable services were rendered to or materials furnished to the Foundation, or (2) that valuable services or materials were accepted, used, and enjoyed by the Foundation. The trial court granted the motion for partial summary judgment. The court also concluded that Kothmann's contract claim was barred by "§ 26.01(a)(1)(2) of the Business Commerce Code of Texas, the Statute of Frauds and by § 26.01(b)(8) of said Code." The court

---

[1] Kothmann originally also claimed promissory estoppel, but later dropped that claim.

[2] The Foundation did not cite subsection (b)(2), but did quote it in the context of its discussion of the statute of frauds in the sentence immediately following the sentence in which it cited section "26.01(a)(1)(2)." *See generally* Tex. Bus. & Com. Code Ann. § 26.01 (West 2009).

concluded that Kothmann's quantum meruit claim failed because he presented no evidence on either element raised by the Foundation's motion.

The case proceeded to a bench trial on Kothmann's fraud claim. The trial court concluded that there was no remedy at law by which Kothmann could recover. The trial court, however, exercised its equity jurisdiction to grant Plaintiff judgment for $2,800 for work performed on children the subject of this suit who were under the age of twelve.

Kothmann raises four issues on appeal. He contends that the trial court erred in concluding that there was no issue of material fact concerning his breach of contract claim and that the statute of frauds barred his recovery. He contends that the trial court also erred in concluding that he produced no evidence on certain elements of his quantum meruit claim. Finally, he contends that the trial court erred by concluding that there was no legal remedy on which he could recover and that its failure to find in his favor was against the great weight and preponderance of the evidence.[3]

---

[3] The record indicates that Kothmann's issues relating to his claims for damages from breach of contract and in quantum meruit are not properly before this Court. After the trial court granted summary judgment on those claims, Kothmann filed amended petitions that omitted those claims and included only the fraud claim that proceeded to trial. When an amended petition is filed, it is a substitute for the previous petition, and "the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause." Tex. R. Civ. P. 64, 65. The omission of claims from amended pleadings functions as a withdrawal of the omitted claims even if summary judgment has already been granted on those claims. *See Randolph v. Walker*, 29 S.W.3d 271, 275 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *see also Radelow-Gittens Real Prop. Mgmt. v. Pamex Foods*, 735 S.W.2d 558, 559-60 (Tex. App.—Dallas 1987, writ ref'd n.r.e.); *Dolenz v. All Saints Episcopal Hosp.*, 638 S.W.2d 141, 142 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.). The Third Amended Petition, which is the last petition in the clerk's record, contains no mention of the breach of contract or quantum meruit claims. However, because appellee does not raise this issue, and it is not clear from the record whether a subsequent amended complaint might exist that reinstated the omitted claims, we will address the merits of the issues on appeal.

The Foundation concedes that the trial court erred by granting summary judgment on the contract claim based on section 26.01(b)(8) (the medical agreement subsection) of the statute of frauds, but contends that this Court should affirm the partial summary judgment on section 26.01(b)(2) (the subsection pertaining to responsibility for the debts of others).[4] The Foundation does not challenge the equitable award of $2,800 to Kothmann.

Kothmann asserts that the trial court erred in granting summary judgment that his breach of contract claim was barred by the statute of frauds. Under the classic summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant moving for a traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). After a defendant has done so, the burden then shifts to the plaintiff to produce evidence creating a fact issue on the element or defense in order to defeat the summary judgment. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). An affirmative defense is a denial of the plaintiff's right to judgment even if the plaintiff establishes every allegation in its pleadings. *Kothmann v. Genesis Tax Loan Servs., Inc.*, 288 S.W.3d 503, 509

---

[4] Although the trial court did not grant summary judgment or otherwise expressly rule on the section 26.01(b)(2) basis of the motion for summary judgment, we will consider this ground on appeal. "When, as here, the trial court expressly states the ground on which it granted the motion, we must consider that ground and may consider other grounds the trial court did not rule on in the interest of judicial economy." *Zurich Am. Ins. Co. v. Hunt Petroleum (AEC), Inc.*, 157 S.W.3d 462, 464-65 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996)).

(Tex. App.—Amarillo 2009, pet. filed). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and indulge every reasonable inference and resolve all doubts in its favor. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam); *Nixon*, 690 S.W.2d at 548-49. We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

The Foundation sought summary judgment on the ground that "a promise by one person to answer for the debt, default, or miscarriage of another person" must be in writing to be enforceable. Tex. Bus. & Com. Code Ann. § 26.01(b)(2). Because this is a review of a summary judgment granted on the affirmative defense of the application of the statute of frauds, we assume in the non-movant Kothmann's favor that there is an agreement between the Foundation and Kothmann. We examine the nature of that agreement to determine whether the Foundation established that the agreement is governed by and barred by the statute of frauds.

There is no written agreement between Kothmann and the Foundation. The record contains Kothmann's Orthodontic Treatment Contracts and the parents' applications to the Foundation for assistance. The Foundation appears only as a notation in the payment schedule section of the treatment contract. The treatment contracts list individuals (the children's parent or parents) as the "Party Responsible for Payment." Three lines above the signature line at the end of the two-page document, the treatment contract states, "The undersigned responsible parties are jointly and severally liable for the payments due under this contract." The Foundation was not a party to any of the contracts in evidence. Although Kothmann's office often supplied the children's

6

parents with application forms to seek assistance from the Foundation, the applications were made to the Foundation by the children's parents, not Kothmann. The Foundation wrote checks payable directly to Kothmann, but that is not dispositive of the nature of any obligation owed by the Foundation to Kothmann.

The Foundation argues that Kothmann's claim is within subsection (b)(2) of the statute of frauds because he seeks to enforce a promise by the Foundation to pay for debts incurred by the children's parents in exchange for Kothmann's orthodontic services. Kothmann contends that the main-purpose doctrine bars application of the statute of frauds and permits the Foundation to be held liable. The main-purpose doctrine prevents application of the statute of frauds when a promisor accepts primary responsibility for the debt of another and the promisor's "main purpose" is to serve some interest of his own. *See Haas Drilling Co. v. First Nat'l Bank*, 456 S.W.2d 886, 891 (Tex. 1970). To take the oral promise out of the operation of the statute of frauds, the promisor must be bargaining for a consideration that is beneficial to him and constitutes his primary object. *Id.* The three elements of the main-purpose doctrine are: (1) whether the promisor intends to accept primary responsibility to pay the debt or merely intends to be a surety; (2) whether there was consideration for the promise; and (3) whether the consideration given for the promise is the sort of consideration that the courts hold is necessary to take the promise out of the statute of frauds. *Id.*

Kothmann relies on a case in which a father agreed orally to pay for medical services to be rendered to his independent adult son. *Evans v. Shaw*, 268 S.W. 1037, 1037 (Tex. Civ. App.—Waco 1925, no writ). The son had not paid the doctor for services rendered to the son and the son's wife almost a year earlier, and the doctor refused to treat the son further unless the father

would agree to pay the old bill and obligate himself to pay for the new services. *Id.* The court of appeals distinguished between the two debts. It concluded that the agreement to pay the existing debt was an agreement to answer for the debt of another and was, therefore, within the statute of frauds and unenforceable because it was not in writing. *Id.* at 1038. It concluded that the agreement to pay for new services was not an agreement to answer for the debt of another, but was the father's original undertaking and liability and, therefore, was not within the statute and was enforceable despite being an oral agreement. *Id.* Kothmann contends that the Foundation's alleged promise to pay was for future services and, therefore, was an original undertaking and liability that could be binding without a writing memorializing it.

We conclude that the evidence in the record does not raise a genuine issue of material fact on the question of whether any agreement by the Foundation to pay for a child's treatment was a primary obligation by the Foundation to Kothmann. While noting that assistance is expected from the Foundation, the treatment contracts plainly state that the parents are responsible for the amounts due. Unlike the father in *Evans*, the Foundation's promise to pay was not an assumption of the primary obligation to pay for the services provided. *See id.* Instead, the record shows that the Foundation, at most, promised to answer for the debt of another person. As such, the Foundation's promise is within the statute of frauds and must be in writing to be enforceable. *See* Tex. Bus. & Com. Code Ann. § 26.01(b)(2). It is undisputed that any promise by the Foundation to pay Kothmann any monies relating to orthodontic treatment for a child is not in a writing signed by the Foundation. The record, therefore, supports summary judgment granted in

the Foundation's favor because Kothmann's breach of contract claim is barred by the statute of frauds. *Id.* § 26.01(a), (b)(2).

Kothmann contends that the trial court erred in granting a no-evidence summary judgment on his quantum meruit claim. The trial court concluded that he failed to produce evidence on the following essential elements of the quantum meruit claim: (1) that valuable services were rendered to or materials furnished to the Foundation, or (2) that valuable services or materials were accepted, used, and enjoyed by the Foundation. *See Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (outlining elements of quantum meruit). Kothmann contends that, although he did not provide orthodontic services to the Foundation, his provision of orthodontic services to the children approved by the Foundation helped the Foundation accomplish its stated goal of helping needy children. He argues that this at least creates a fact issue on the question of whether he provided a valuable service that was accepted, used, and enjoyed by the Foundation.

Although Kothmann's argument that his provision of services to children also provided value to the Foundation is appealing generally, it is inconsistent with the nature of the quantum meruit cause of action. The supreme court has described quantum meruit as follows: Founded on the equitable doctrine of unjust enrichment, quantum meruit provides a remedy when nonpayment for the services rendered would result in an unjust enrichment to the party benefitted by the work. *Vortt*, 787 S.W.2d at 944. The record shows Kothmann rendered services only to the children. While the Foundation's director or board may be pleased that a child it deemed needy received orthodontic treatment, we find no support in the law for the proposition that such pleasure is the sort of benefit or unjust enrichment the supreme court considered when describing

9

the quantum meruit cause of action. Further, the Foundation expressly "benefits" only from the provision of services to children under the age of twelve. There is no genuine issue of material fact regarding whether Kothmann provided services or materials to the Foundation or whether the Foundation itself accepted or used his services or materials. The trial court did not err by granting summary judgment on this claim.

Kothmann also contends that the trial court's take-nothing judgment on his fraud claim is against the great weight and preponderance of the evidence. In an appeal from a bench trial, a trial court's findings of fact "have the same force and dignity as a jury's verdict upon questions." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). A trial court's findings of fact may be reviewed for factual sufficiency under the same standard that is applied in reviewing evidence to support a jury's answer. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). When appealing the factual sufficiency of the evidence supporting an adverse finding on which the party had the burden of proof, the appellant must show that the adverse finding is so against the weight and preponderance of the evidence as to be clearly wrong. *Southwestern Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 620-21 (Tex. 2004). We examine the record to see if any evidence supports the finding, and then determine whether, in light of the entire record, the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). The trial court as finder of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696-97 (Tex. 1986). We review the trial court's conclusions of law de novo. *Hailey v. Hailey*, 176 S.W.3d 374, 383 (Tex. App.—Houston [1st Dist.] 2004, no pet.)

(citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)).  Although appellants may not challenge a trial court's conclusions of law for factual sufficiency, we review de novo the trial court's legal conclusions drawn from the facts to determine whether the conclusions are correct.  *Id.*

Kothmann's challenge to the trial court's rejection of his fraud claim centers on the third of the following elements of fraud:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).  Kothmann challenges the trial court's finding that, "although Defendant's Executive Director made representations to Plaintiff that the amounts would be paid, the speaker did not know the statement was false nor did she make it recklessly without any knowledge of the truth and as a positive assertion."  A representation is reckless:  (1) if it is made without any knowledge of the truth and as a positive assertion; (2) if the person making the representation knows that she does not have sufficient information or basis to support it; or (3) if she realizes that she does not know whether or not the statement is true.  *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 527 (Tex. 1998).  The Foundation contends that the record supports the trial court's finding on the third element.

The fact that Foundation Executive Director Lanford made the representations at issue when informing Kothmann that certain applications were approved for payment of certain

11

amounts for orthodontic treatment supports the trial court's finding. Lanford testified that she did not lie to Kothmann's office. When asked if she intended the Foundation to pay amounts that she approved, she said, "Of course I did." Lanford said that she "never" had any reason to say that the Foundation would pay money when she intended not to pay it. She testified that she kept the Foundation's parameters—including the age limit—in mind when evaluating applications and agreed that approval of a child who was not qualified would be reckless. Lanford's testimony supports the trial court's judgment.

Other evidence undercut her testimony somewhat. Foundation board member Jerry Roach testified that Lanford should have been aware of the age limit. In response to the question "[a]nd it was reckless of her not to be aware of those when she granted approval; is that correct?" Roach replied, "I'd say yes. If—if she did it." The Kothmanns both testified that they did not believe that Lanford was lying when saying that applications had been approved until the Foundation stopped paying for services rendered to children whose applications had been approved. The fact that the Foundation approved disbursements for orthodontic services for children who met their criteria, then refused to pay for services provided to approved children who aged out of the Foundation's mission scope, does not show that the Foundation did not intend to pay for the services when they were approved. Evidence that Lanford telephoned approval of an applicant three days after his twelfth birthday does not necessarily preponderate over Lanford's testimony that she always intended the Foundation to pay the amounts she approved. Evidence that the Foundation previously continued to pay for services for children who aged out of their mission scope does not

12

prove that Lanford's approvals were fraudulent. If anything, that evidence tends to underscore the reasonableness of Lanford's expressed belief that the services would be paid for.

We conclude that sufficient evidence supports the findings underlying the judgment that Kothmann take nothing on his fraud claim. We cannot say that the trial court's judgment against the fraud claim was against the great weight and preponderance of the evidence.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: July 15, 2010

13